JUDGE DAVID BRIONES

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**El PASO DIVISION**

FILED

2021 MAR 22  AM 9: 15

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY _____
DEPUTY

| | |
|---|---|
| **BRANDON CALLIER,** | § |
| | § |
| **Plaintiff,** | § |
| | § |
| **v.** | § |
| | § |
| **NATIONAL UNITED GROUP, LLC,** a Texas | § |
| Limited Liability Company, **CENTENE** | § |
| **CORPORATION, d/b/a AM BETTER,** a | § |
| Delaware Corporation, **MULBERRY** | § |
| **MANAGEMENT CORPORATION, d/b/a** | § |
| **OSCAR MANAGEMENT CORPORATION,** a | § |
| Delaware Corporation, **CR INSURANCE GROUP** | § |
| **LLC,** a Florida Limited Liability Company and | § |
| John Does 1-4 | § |
| | § |
| **Defendants.** | § |
| | § |

EP21CV0071

**PLAINTIFF'S ORIGINAL COMPLAINT**

**PARTIES**

1. Plaintiff BRANDON CALLIER ("Callier") is a natural person and resident of El Paso, Texas, resident of the Western District of Texas, and was in El Paso County, Texas for all calls in this case.

2. Defendant NATIONAL UNITED GROUP LLC ("National") is a Limited Liability Company organized and existing under the laws of Texas and can be served via registered agent Maria Rosario, 1918 Kempwood Loop, Round Rock, Texas 78665.

3. Defendant CENTENE CORPORATION doing business as AM BETTER HEALTH INSURANCE ("AM Better") is a corporation organized and existing under the laws of

1

Delaware and can be served via registered agent CT Corporation System, 1999 Bryan ST, Suite 900, Dallas, Texas 75201.

4. Defendant MULBUERRY MANAGEMENT CORPORATION d/b/a OSCAR MANAGEMENT CORPORATION ("Oscar") is a corporation organized and existing under the laws of Delaware and can be served via registered agent CT Corporation System, 1999 Bryan ST, STE 900, Dallas, Texas 75201.

5. Defendant CR INSURANCE GROUP ("CR Group") is a Limited Liability Company organized and existing under the laws of Florida and can be served via registered agent Carlos Rodriguez, 1771 Lee Janzen Drive, Kissimmee, Florida 34744.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, because the case arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227.  This Court has supplemental subject matter jurisdiction over Plaintiff's claims arising under Texas Business and Commerce Code 305.053 and 302.101 because that claim arises from the same nucleus of operative fact, i.e., Defendants' telemarketing robocalls to Plaintiff; adds little complexity to the case; and doesn't seek money damages, so it is unlikely to predominate over the TCPA claims.

7. This Court has general personal jurisdiction over the defendant because they have repeatedly placed calls to Texas residents, and derive revenue from Texas residents, and they sell goods and services to Texas residents, including the Plaintiff.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1)(2) because a substantial part of the events giving rise to the claims—the calls and sale of goods and services directed at Texas residents, including the Plaintiff—occurred in this District and

because the Plaintiff resides in this District.  Residing in the Western District of Texas

when he received a substantial if not every single call from the Defendants that are the

subject matter of this lawsuit.

9.  This Court has venue over the defendants because the calls at issue were sent by or on

behalf of the above-named Defendants to the Plaintiff, a Texas resident.

## THE TELEPHONE CONSUMER PROTECTION ACT
## ACT OF 1991, 47 U.S.C. § 227

10. In 1991, Congress enacted the TCPA to restrict the use of sophisticated telemarketing

equipment that could target millions of consumers *en masse*.  Congress found that these

calls were not only a nuisance and an invasion of privacy to consumers specifically but

were also a threat to interstate commerce generally. *See* S. Rep. No. 102-178, at 2-3

(1991), as reprinted in 1991 U.S.C.C.A.N. 1968, 1969-71.

11. The TCPA makes it unlawful "to make any call (other than a call made for emergency

purposes or made with the prior express consent of the called party) using an automatic

telephone dialing system or an artificial or prerecorded voice … to any telephone number

assigned to a … cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii).

12. The TCPA makes it unlawful "to initiate any telephone call to any residential telephone

line using an artificial or prerecorded voice to deliver a message without the prior express

consent of the called party, unless the call is initiated for emergency purposes, is made

solely pursuant to the collection of a debt owed to or guaranteed by the United States, or

is exempted by rule or order" of the Federal Communication Commission ("FCC"). 47

U.S.C. § 227(b)(1)(B).

13. The TCPA provides a private cause of action to persons who receive calls in violation of

§ 227(b). 47 U.S.C. § 227(b)(3).

14. Separately, the TCPA bans making telemarketing calls without a do-not-call policy available upon demand. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(d)(1).[1]

15. The TCPA provides a private cause of action to persons who receive calls in violation of § 227(c) or a regulation promulgated thereunder. 47 U.S.C. § 227(c)(5).

16. According to findings of the FCC, the agency vested by Congress with authority to issue regulations implementing the TCPA, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls and can be costly and inconvenient.

17. The FCC also recognizes that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 FCC Rcd. 14014, 14115 ¶ 165 (2003).

18. The FCC requires "prior express written consent" for all autodialed or prerecorded telemarketing robocalls to wireless numbers and residential lines. In particular:[A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received clear and conspicuous disclosure of the consequences of providing the requested consent, *i.e.*, that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates. In addition, the written agreement must be obtained without requiring, directly or indirectly, that the agreement be executed as a

---

[1] *See* Code of Federal Regulations, Title 47, Parts 40 to 60, at 425 (2017) (codifying a June 26, 2003 FCC order).

condition of purchasing any good or service.

19. *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 FCC Rcd. 1830, 1844 ¶ 33 (2012) (footnote and internal quotation marks omitted). FCC regulations "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995).

20. The FCC confirmed this principle in 2013, when it explained that "a seller … may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." *In the Matter of the Joint Petition Filed by Dish Network, LLC*, 28 FCC Rcd. 6574, 6574 ¶ 1 (2013).

21. Under the TCPA, a text message is a call. *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 951 – 52 (9th Cir. 2009).

22. A corporate officer involved in the telemarketing at issue may be personally liable under the TCPA. *E.g.*, *Jackson Five Star Catering, Inc. v. Beason*, Case No. 10-10010, 2013 U.S. Dist. LEXIS 159985, at *10 (E.D. Mich. Nov. 8, 2013) ("[M]any courts have held that corporate actors can be individually liable for violating the TCPA where they had direct, personal participation in or personally authorized the conduct found to have violated the statute." (internal quotation marks omitted)); *Maryland v. Universal Elections*, 787 F. Supp. 2d 408, 415 – 16 (D. Md. 2011) ("If an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force.").

## THE TEXAS BUSINESS AND COMMERCE CODE § 305.053

23. The Texas Business and Commerce code has an analogous portion that is related to the TCPA and was violated in this case.

24. The Texas Business and Commerce code makes it illegal to call a mobile telephone for the purposes of solicitation if the caller knows, or should know, the number called is a mobile telephone number.

25. The Plaintiff may seek damages under this Texas law for violation of 47 U.S.C. 227 or subchapter A and seek $500 in statutory damages of $1500 for willful or knowing damages.

## THE TEXAS BUSINESS AND COMMERCE CODE § 302.101

26. Under the Texas Business and Commerce Code a seller may not make a telephone solicitation from a location in this state or to a purchaser located in this state unless the seller holds a registration certificate for the business location from which the telephone solicitation is made. Tex Bus. & Commerce Code § 302.101(a).

27. A person makes a telephone solicitation if the person effects or attempts to effect a telephone solicitation, including a solicitation initiated by an automatic dialing machine or a recorded message device. Tex. Bus. & Commerce Code § 302.002.

28. The Plaintiff may seek damages under Texas law for violations of § 302.101 of up to $5000 per violation, reasonable costs of prosecuting the action, court costs, investigation costs, deposition expenses, witness fees, and attorney fees.

## FACTUAL ALLEGATIONS

29. On or about July 21, 2020 Plaintiff Callier received the first of at least 204 automated phone calls with prerecorded voice messages to his cell phone ending in 4374.

30. Each and every call used spoofed caller ID numbers with Texas Area Codes.

31. Plaintiff answered the calls and heard an artificial or prerecorded voice message in Spanish.

32. Plaintiff does not speak Spanish and hung up the phone each time until the calls reached more than 20 in number and became too irritating to continue to ignore.

33. On the 24th call dated September 21, 2020 Plaintiff was in the presence of a Spanish speaker, Ms. Nubia Herrera, when the automated prerecorded Spanish message call came in using the spoofed caller ID number 806-703-2517.

34. Plaintiff "pressed one" and was transferred to a live representative and Plaintiff asked Ms. Herrera to translate so he could ascertain who was making the calls.

35. Ms. Herrera was told by the representative the calls were being made on behalf of AM Better.

36. On September 28, 2020 Plaintiff received the 34th automated pre-recorded Spanish voice call from the Defendants while in the presence of Ms. Herrera. Ms. Herrera again translated for Plaintiff and was told the call was on behalf of AM Better.

37. The September 28, 2020 call used the spoofed caller ID number 281-972-2495.

38. On October 15, 2020 Plaintiff received the 41st automated pre-recorded Spanish voice call from the Defendants while in the presence of Ms. Herrera. Plaintiff again handed the phone to Ms. Herrera who was once again told by the representative the calls were on behalf of AM Better.

39. The October 15, 2020 call used the spoofed caller ID number 915-440-8226.

40. On October 23, 2020 Plaintiff received the 47th call from the Defendants while in the presence of Spanish Speaker Ms. Julia Cruz.

41. Plaintiff was frustrated and asked Ms. Cruz to translate so he could purchase a health insurance policy from the Defendants in order to get concrete proof of the origin of the calls in an attempt to get the harassing calls to stop.

42. Ms. Cruz translated for the Plaintiff and during the call Plaintiff was informed the health insurance was through AM Better.

43. During the October 23, 2020 call Plaintiff was asked to provide a bank account for the Defendants to draft the monthly premiums.

44. Plaintiff provided the bank account information and on October 27, 2020 AM Better Health Insurance debited Plaintiff's bank account in the amount of $32.71.

45. The call dated October 23, 2020 used spoofed caller ID 903-362-5052.

46. On November 3, 2020 Plaintiff received a bill from AM Better. The bill contained the Plaintiff's balance, Insurance policy number and Member ID.

47. Plaintiff has continued to receive unsolicited automated calls in Spanish from the defendants despite having already purchased an insurance policy from Defendants.

48. On November 5, 2020 at 10:42 AM Plaintiff was in the presence of Ms. Herrera when the automated prerecorded Spanish message call using spoofed caller ID 915-617-2720 was received.

49. Plaintiff pressed "one" and was transferred to a live representative and asked Ms. Herrera to translate so he could ascertain who was making the call.

50. Ms. Herrera needed health insurance and was solicited and purchased a health insurance policy from Oscar Insurance.

51. On November 23, 2020 Herrera received a welcome letter from Oscar Insurance dated November 17, 2020.  The policy number was OSC79896680-01.

52. On November 24, 2020 Defendant Centene's counsel responded via email to a demand letter regarding the continued harassing robocalls.

53. As of November 24, 2020, Defendant Centene was aware the phone calls were harassing, unwanted, and unauthorized.

54. Defendant Centene was the only entity aware of the origin of the calls or the ability to determine the origin of the calls.

55. On December 15, 2020 Plaintiff received another pre-recorded phone call in Spanish.

56. Plaintiff was in the presence of Spanish speaker Barbara Rios. Plaintiff asked Ms. Rios to speak to the representative for him because he does not speak Spanish.

57. Ms. Rios translated for Plaintiff and was told by the representative the phone call was on behalf of Oscar Insurance.

58. The December 15, 2020 call used spoofed caller ID number 210-577-5511.

59. During the call the telemarketer informed Ms. Rios she would be hanging up and "calling back from a different number so you can talk to an agent."

60. The agent hung the phone up and then Plaintiff immediately received a follow-up phone call from phone number 786-650-1617 and was solicited health insurance through Defendant Oscar.

61. Phone number 786-650-1617 belongs to Defendant National.

62. On January 14, 2021 Plaintiff received yet another automated phone call with a pre-recorded artificial voice in Spanish soliciting health insurance.

63. Plaintiff was in the presence of Spanish speaker Zuzseth Ramirez and asked her to translate in order to ascertain who was behind the calls.

64. Ms. Ramirez enrolled in a health insurance policy issued by Oscar Insurance while on the phone call.

65. On or about February 2, 2021 Centene identified CR Insurance Group LLC as one of the brokers responsible for the phone calls.

66. In February 2021 Ms. Ramirez receive a health insurance policy with Member ID OSC79737300-01 from Oscar Insurance.

67. On February 25, 2021 Plaintiff called the National Health Insurance Marketplace and was told the agent who sold his AM Better health insurance policy was Liza Polanco with a National Producer number of 18578769.

68. The total automated calls total at least 204 in number.

69. All of the automated prerecorded calls used spoofed caller IDs with Texas area codes to trick the Plaintiff into thinking these were local phone calls originating from Texas.

70. Some of the automated prerecorded calls were received on Plaintiff's cellular phone displaying "Private Number" in order to trick the Plaintiff into answering the phone call.

71. Plaintiff received at least 133 robocalls from November 25, 2020 to March 13, 2021 after Defendant Centene was alerted via Plaintiff's counsel that the calls were harassing and unwanted.

72. Defendants did nothing to stop the harassing phone calls despite being alerted via written demand to cease the phone calls.

73. Each time the Plaintiff answered the phone calls he "pressed one" in order to be connected to a live representative.

74. Each and every pre-recorded message and/or artificial voice was in Spanish.

75. Plaintiff asked each and every live representative if they spoke English.

76. Each and every live representative informed the Plaintiff they did not speak English and immediately hung the phone up on the Plaintiff.

77. Defendants' counsel was aware Plaintiff did not consent to the robocalls.

78. Defendants participated in, facilitated, directed, authorized, knew of or willfully ignored the misleading sales practices and unlawful robocalling, while knowing facts that required a reasonable person to investigate further, and approved, and ratified the conduct of their employees, agents, and co-conspirators to engage in the unlawful sales practices and unlawful robocalling.

79. Defendants have knowledge of and have adopted and maintained TCPA violations as a sales strategy.

80. Defendants refuse to take any action to stop or curtail the unlawful sales practices and robocalling because these practices benefit Defendants.

81. Plaintiff never consented to receive the calls alleged herein.

82. Plaintiff had no relationship with Defendants prior to the calls alleged herein.

83. Plaintiff received the following calls from the Defendants:

| Call Phone Number | Caller ID Name | Date | Time |
|---|---|---|---|
| 972-210-6756 | UNKNOWN | 7/21/2020 | 6:00 PM |
| 469-692-4030 | UNKNOWN | 8/4/2020 | 11:12 AM |
| 713-927-7699 | UNKNOWN | 8/13/2020 | 2:36 PM |
| 281-345-2977 | UNKNOWN | 8/14/2020 | 4:29 PM |
| 210-282-2972 | UNKNOWN | 8/14/2020 | 4:05 PM |
| 205-610-8159 | UNKNOWN | 8/21/2020 | 4:47 PM |
| 940-730-8496 | UNKNOWN | 8/21/2020 | 12:17 PM |
| 704-647-6162 | UNKNOWN | 8/24/2020 | 4:32 PM |
| 806-757-4363 | UNKNOWN | 9/4/2020 | 3:56 PM |
| 832-472-7039 | UNKNOWN | 9/4/2020 | 12:36 PM |
| 937-426-2210 | UNKNOWN | 9/7/2020 | 2:17 PM |
| 281-207-6121 | UNKNOWN | 9/10/2020 | 5:32 PM |
| 903-837-2655 | UNKNOWN | 9/10/2020 | 12:19 PM |

| | | | |
|---|---|---|---|
| 682-688-3921 | UNKNOWN | 9/10/2020 | 12:02 PM |
| 214-765-8717 | UNKNOWN | 9/11/2020 | 2:54 PM |
| 281-265-4785 | UNKNOWN | 9/14/2020 | 5:17 PM |
| 817-782-8739 | UNKNOWN | 9/14/2020 | 3:31 PM |
| 915-529-1748 | UNKNOWN | 9/14/2020 | 11:36 AM |
| 915-529-1748 | UNKNOWN | 9/14/2020 | 2:17 PM |
| 830-676-4316 | UNKNOWN | 9/15/2020 | 4:56 PM |
| 346-352-7748 | UNKNOWN | 9/15/2020 | 1:40 PM |
| 713-567-3761 | UNKNOWN | 9/16/2020 | 3:48 PM |
| 214-959-6706 | UNKNOWN | 9/17/2020 | 4:03 PM |
| 806-703-2517 | UNKNOWN | 9/21/2020 | 4:47 PM |
| 512-768-9216 | UNKNOWN | 9/21/2020 | 12:58 PM |
| 361-247-7305 | UNKNOWN | 9/22/2020 | 1:44 PM |
| 817-319-2655 | UNKNOWN | 9/22/2020 | 2:19 PM |
| 214-416-3788 | UNKNOWN | 9/23/2020 | 5:15 PM |
| 305-964-8090 | UNKNOWN | 9/23/2020 | 11:43 AM |
| 214-307-6136 | UNKNOWN | 9/24/2020 | 6:37 PM |
| 281-556-7972 | UNKNOWN | 9/24/2020 | 6:37 PM |
| 915-548-7182 | UNKNOWN | 9/28/2020 | 5:12 PM |
| 254-501-6868 | UNKNOWN | 9/28/2020 | 5:10 PM |
| 281-972-2495 | UNKNOWN | 9/28/2020 | 12:57 PM |
| 512-955-5631 | UNKNOWN | 9/29/2020 | 2:26 PM |
| 832-444-6528 | UNKNOWN | 9/29/2020 | 12:19 PM |
| 915-936-9836 | UNKNOWN | 9/30/2020 | 2:29 PM |
| 915-785-8843 | UNKNOWN | 10/1/2020 | 12:40 PM |
| Private Number | Private Number | 10/6/2020 | 5:42 PM |
| 915-626-7003 | UNKNOWN | 10/8/2020 | 5:48 PM |
| 915-440-8226 | UNKNOWN | 10/15/2020 | 2:09 PM |
| 254-505-4019 | UNKNOWN | 10/16/2020 | 3:25 PM |
| 210-252-2131 | UNKNOWN | 10/20/2020 | 12:52 PM |
| 210-252-2131 | UNKNOWN | 10/20/2020 | 12:52 PM |
| 512-350-5626 | UNKNOWN | 10/20/2020 | 4:03 PM |
| 903-226-6712 | UNKNOWN | 10/22/2020 | 4:34 PM |
| 903-362-5052 | UNKNOWN | 10/23/2020 | 4:34 PM |
| Private Number | Private Number | 10/26/2020 | 5:39 PM |
| 254-853-5323 | UNKNOWN | 10/28/2020 | 12:25 PM |
| 254-640-5443 | UNKNOWN | 10/28/2020 | 5:03 PM |
| Private Number | Private Number | 10/30/2020 | 3:46 PM |
| 806-299-6966 | UNKNOWN | 11/2/2020 | 12:24 PM |
| 972-372-2094 | UNKNOWN | 11/3/2020 | 10:54 AM |
| 214-466-7559 | UNKNOWN | 11/3/2020 | 1:39 PM |
| 915-474-0522 | UNKNOWN | 11/3/2020 | 4:15 PM |
| 409-985-5338 | UNKNOWN | 11/4/2020 | 11:02 AM |

| | | | |
|---|---|---|---|
| 915-877-7711 | UNKNOWN | 11/4/2020 | 1:51 PM |
| Private Number | Private Number | 11/4/2020 | 4:09 PM |
| 915-671-2720 | UNKNOWN | 11/5/2020 | 10:42 AM |
| 210-460-3085 | UNKNOWN | 11/5/2020 | 3:12 PM |
| 512-532-5559 | UNKNOWN | 11/5/2020 | 4:03 PM |
| 281-979-4076 | UNKNOWN | 11/6/2020 | 3:36 PM |
| 254-354-5883 | UNKNOWN | 11/10/2020 | 2:39 PM |
| 682-312-5117 | UNKNOWN | 11/11/2020 | 1:09 PM |
| Private Number | Private Number | 11/11/2020 | 5:57 PM |
| 469-777-5412 | UNKNOWN | 11/12/2020 | 1:42 PM |
| Private Number | Private Number | 11/12/2020 | 4:07 PM |
| Private Number | Private Number | 11/13/2020 | 4:24 PM |
| 210-405-8097 | UNKNOWN | 11/16/2020 | 1:53 PM |
| 210-794-6957 | Scam Likely | 11/16/2020 | 1:57 PM |
| 915-926-7497 | UNKNOWN | 11/16/2020 | 4:57 PM |
| Private Number | Private Number | 11/16/2020 | 5:53 PM |
| 361-363-3341 | UNKNOWN | 11/18/2020 | 12:30 PM |
| 832-749-8276 | UNKNOWN | 11/18/2020 | 1:36 PM |
| 832-749-8276 | UNKNOWN | 11/18/2020 | 1:37 PM |
| Private Number | Private Number | 11/18/2020 | 5:51 PM |
| 832-231-8956 | UNKNOWN | 11/19/2020 | 1:34 PM |
| 903-826-2851 | UNKNOWN | 11/23/2020 | 1:37 PM |
| 210-439-3586 | UNKNOWN | 11/23/2020 | 4:16 PM |
| 936-293-8814 | UNKNOWN | 11/24/2020 | 9:57 AM |
| 936-410-3743 | UNKNOWN | 11/24/2020 | 2:44 PM |
| 915-525-3901 | UNKNOWN | 11/25/2020 | 12:01 PM |
| 469-548-3117 | UNKNOWN | 11/25/2020 | 3:33 PM |
| 817-431-8983 | UNKNOWN | 11/27/2020 | 10:49 AM |
| Private Number | Private Number | 11/27/2020 | 1:09 PM |
| 915-731-6507 | UNKNOWN | 11/27/2020 | 3:41 PM |
| 936-638-2445 | UNKNOWN | 11/30/2020 | 12:01 PM |
| 915-757-2153 | UNKNOWN | 12/1/2020 | 1:11 PM |
| 432-631-7712 | UNKNOWN | 12/1/2020 | 3:32 PM |
| 214-445-6638 | Scam Likely | 12/2/2020 | 9:49 AM |
| 325-232-5175 | UNKNOWN | 12/2/2020 | 12:32 PM |
| Private Number | Private Number | 12/2/2020 | 5:43 PM |
| 713-880-7566 | UNKNOWN | 12/3/2020 | 11:01 AM |
| 682-365-2195 | UNKNOWN | 12/4/2020 | 12:13 AM |
| 786-765-1950 | UNKNOWN | 12/4/2020 | 1:52 AM |
| 832-407-7937 | UNKNOWN | 12/4/2020 | 3:26 PM |
| 915-921-0693 | Scam Likely | 12/7/2020 | 11:28 AM |
| 915-543-6184 | UNKNOWN | 12/7/2020 | 12:48 PM |
| 830-333-4773 | UNKNOWN | 12/8/2020 | 8:08 AM |

| | | | |
|---|---|---|---|
| 210-812-2823 | UNKNOWN | 12/8/2020 | 12:19 PM |
| 214-639-5092 | Scam Likely | 12/8/2020 | 4:01 PM |
| 903-381-3158 | Scam Likely | 12/8/2020 | 4:48 PM |
| 956-276-7828 | Scam Likely | 12/9/2020 | 9:29 AM |
| 915-938-3475 | Scam Likely | 12/9/2020 | 11:15 AM |
| 972-698-4264 | UNKNOWN | 12/9/2020 | 12:56 PM |
| 254-652-8744 | UNKNOWN | 12/9/2020 | 1:38 PM |
| 915-841-8204 | UNKNOWN | 12/9/2020 | 3:17 PM |
| 325-944-4749 | UNKNOWN | 12/9/2020 | 6:27 PM |
| 972-294-8999 | UNKNOWN | 12/10/2020 | 1:01 PM |
| 512-753-7541 | UNKNOWN | 12/11/2020 | 11:05 AM |
| 830-254-4073 | UNKNOWN | 12/11/2020 | 2:19 PM |
| 956-962-6756 | UNKNOWN | 12/11/2020 | 2:30 PM |
| 254-625-8492 | UNKNOWN | 12/14/2020 | 9:11 AM |
| 713-397-4678 | UNKNOWN | 12/14/2020 | 9:49 AM |
| 806-572-7044 | UNKNOWN | 12/14/2020 | 12:27 PM |
| 210-536-2436 | UNKNOWN | 12/14/2020 | 2:25 PM |
| 915-833-7438 | UNKNOWN | 12/15/2020 | 7:19 AM |
| 210-594-2532 | UNKNOWN | 12/15/2020 | 1:35 PM |
| 210-577-5511 | UNKNOWN | 12/15/2020 | 2:39 PM |
| 786-650-1617 | UNKNOWN | 12/15/2020 | 2:49 PM |
| 915-348-6832 | UNKNOWN | 12/15/2020 | 4:39 PM |
| 936-436-7792 | Scam Likely | 12/15/2020 | 4:54 PM |
| 972-805-7681 | Scam Likely | 12/15/2020 | 6:37 PM |
| 972-792-8440 | UNKNOWN | 12/16/2020 | 8:44 AM |
| 281-315-7608 | UNKNOWN | 12/16/2020 | 12:05 PM |
| 817-960-5103 | UNKNOWN | 12/16/2020 | 5:24 PM |
| 346-722-3299 | UNKNOWN | 12/17/2020 | 1:18 PM |
| 361-248-3154 | UNKNOWN | 12/17/2020 | 4:55 PM |
| 832-436-8580 | Scam Likely | 12/18/2020 | 10:58 AM |
| 915-921-0360 | UNKNOWN | 12/18/2020 | 2:38 PM |
| 430-360-7833 | UNKNOWN | 12/21/2020 | 5:47 PM |
| 903-820-5251 | UNKNOWN | 12/22/2020 | 10:49 AM |
| 972-216-7569 | UNKNOWN | 12/22/2020 | 12:16 PM |
| 512-456-7461 | UNKNOWN | 1/4/2021 | 11:51 AM |
| 512-456-7461 | UNKNOWN | 1/4/2021 | 11:57 AM |
| 512-405-7812 | UNKNOWN | 1/5/2021 | 2:03 PM |
| 903-507-6191 | UNKNOWN | 1/6/2021 | 1:58 PM |
| 915-834-6201 | UNKNOWN | 1/7/2021 | 12:51 PM |
| 833-571-0274 | UNKNOWN | 1/9/2021 | 10:12 AM |
| 346-338-8387 | UNKNOWN | 1/12/2020 | 1:41 PM |
| 682-305-3503 | Scam Likely | 1/12/2021 | 3:15 PM |
| 903-803-2484 | UNKNOWN | 1/12/2021 | 4:09 PM |

| | | | |
|---|---|---|---|
| 915-782-2905 | UNKNOWN | 1/12/2021 | 4:11 PM |
| 915-268-8522 | UNKNOWN | 1/12/2021 | 6:12 PM |
| 469-407-3550 | UNKNOWN | 1/14/2021 | 12:49 PM |
| 713-740-2917 | UNKNOWN | 1/14/2021 | 1:04 PM |
| 305-749-5527 | UNKNOWN | 1/15/2021 | 10:45 AM |
| 305-749-5527 | UNKNOWN | 1/15/2021 | 11:51 AM |
| 713-344-4460 | UNKNOWN | 1/15/2021 | 3:58 PM |
| 469-592-5773 | UNKNOWN | 1/18/2021 | 1:02 PM |
| 972-748-5093 | Scam Likely | 1/18/2021 | 2:29 PM |
| 817-271-8892 | UNKNOWN | 1/18/2021 | 3:41 PM |
| 972-748-5093 | UNKNOWN | 1/18/2021 | 5:08 PM |
| 361-266-6415 | UNKNOWN | 1/18/2021 | 5:59 PM |
| 214-237-5611 | UNKNOWN | 1/19/2021 | 3:29 PM |
| 305-749-5527 | UNKNOWN | 1/19/2021 | 5:49 PM |
| 305-749-5527 | UNKNOWN | 1/19/2021 | 5:50 PM |
| 305-749-5527 | UNKNOWN | 1/19/2021 | 5:59 PM |
| 305-749-5527 | UNKNOWN | 1/19/2021 | 6:00 PM |
| 210-656-8533 | UNKNOWN | 1/20/2021 | 12:27 PM |
| 346-227-7158 | UNKNOWN | 1/20/2021 | 1:30 PM |
| 305-749-5527 | UNKNOWN | 1/20/2021 | 3:56 PM |
| 936-260-3712 | UNKNOWN | 1/21/2021 | 10:35 AM |
| 786-650-1617 | UNKNOWN | 1/21/2021 | 12:32 PM |
| 972-642-4908 | Scam Likely | 1/21/2021 | 1:11 PM |
| 972-684-2554 | UNKNOWN | 1/21/2021 | 2:19 PM |
| 903-352-2871 | UNKNOWN | 1/21/2021 | 3:59 PM |
| 972-217-8402 | UNKNOWN | 1/21/2021 | 4:12 PM |
| 254-377-7412 | UNKNOWN | 1/22/2021 | 2:52 PM |
| 512-644-5599 | Scam Likely | 1/25/2021 | 1:17 PM |
| 305-260-6695 | UNKNOWN | 1/25/2021 | 1:26 PM |
| 305-260-6695 | UNKNOWN | 1/25/2021 | 1:26 PM |
| 936-648-2087 | UNKNOWN | 1/25/2021 | 3:22 PM |
| 830-547-5155 | UNKNOWN | 1/26/2021 | 3:02 PM |
| 806-938-6102 | UNKNOWN | 1/27/2021 | 1:04 PM |
| 817-549-4798 | UNKNOWN | 1/28/2021 | 2:36 PM |
| 713-258-6734 | UNKNOWN | 1/29/2021 | 2:02 PM |
| 817-228-5109 | Scam Likely | 1/29/2021 | 2:26 PM |
| 469-623-8652 | UNKNOWN | 1/29/2021 | 4:44 PM |
| Private Number | Private Number | 2/4/2021 | 4:38 PM |
| Private Number | Private Number | 2/7/2021 | 5:30 PM |
| 915-443-8619 | Unknown | 2/8/2021 | 12:20 PM |
| 806-627-7476 | Scam Likely | 2/8/2021 | 1:48 PM |
| 915-787-0294 | Unknown | 2/8/2021 | 5:43 PM |
| 915-569-1411 | Unknown | 2/9/2021 | 12:25 PM |

| | | | |
|---|---|---|---|
| 361-211-3404 | Unknown | 2/11/2021 | 3:05 PM |
| 817-818-4510 | Scam Likely | 2/12/2021 | 11:03 AM |
| 786-345-4966 | Scam Likely | 2/12/2021 | 2:09 PM |
| 915-328-6596 | Unknown | 2/15/2021 | 12:33 PM |
| 786-359-0987 | Unknown | 2/16/2021 | 1:43 PM |
| 915-742-4255 | Unknown | 2/16/2021 | 4:37 PM |
| 210-953-4072 | Scam Likely | 2/17/2021 | 9:11 AM |
| 210-953-4010 | Scam Likely | 2/18/2021 | 9:51 AM |
| 915-342-4471 | Unknown | 2/19/2021 | 12:00 PM |
| 915-834-9865 | Unknown | 2/26/2021 | 3:37 PM |
| 915-532-2174 | Unknown | 3/2/2021 | 4:49 PM |
| 214-857-4324 | Unknown | 3/4/2021 | 12:02 PM |
| 806-411-4446 | Unknown | 3/4/2021 | 12:27 PM |
| 915-449-1961 | Unknown | 3/8/2021 | 1:05 PM |
| 956-606-3007 | Unknown | 3/8/2021 | 5:55 PM |
| 915-701-4343 | Unknown | 3/11/2021 | 1:26 PM |
| 469-948-4976 | Unknown | 3/11/2021 | 4:02 PM |
| 915-326-4554 | Unknown | 3/15/2021 | 12:16 PM |
| 432-200-4473 | Unknown | 3/15/2021 | 12:28 PM |

## VICARIOUS LIABILITY OF SELLERS

84. These parties are vicariously liable under the theories of actual authority, apparent authority, and ratification, and as well as liable because any other result would impair the underlying purpose of the TCPA.

85. Defendants are the liable parties as the direct beneficiary of the illegal telemarketing calls as they stood to gain the Plaintiff as a client and quoted the Plaintiff their services in obtaining insurance.

86. The approved insurance policies show that the beneficial parties who were gaining customers were Defendant Oscar and Defendant Centene.

87. Defendants authorized telemarketers and/or lead generators to generate prospective customers. Defendants hired telemarketers and/or lead generators to promote its products and services. Defendants' integration of robocalling into its sales process was so seamless that it appeared to an outside party like Plaintiff that Defendants telemarketers and/or lead generators were the telemarketing department of Defendant Oscar and Defendant Centene.

88. Defendant Centene has known for months illegal robocalls marketing their health insurance are being made on their behalf and have done nothing to stop the calls.

89. Plaintiff is still receiving calls four months after alerting Defendant Centene.

## THE SELLERS SHOULD BE HELD LIABLE TO UPHOLD THE DETERRENT EFFECT AND PURPOSE OF THE TCPA

90. As the court ruled in Jackson v Caribbean Cruise Line, Inc., the defendant sellers should be held liable for their violations of the TCPA. Courts have looked at the purpose of the TCPA and found that not holding the sellers liable through vicarious liability would undermine the purpose of the TCPA.

91. Every entity in the approved insurance plans should be deemed a beneficiary of the calls and held liable for damages under the TCPA under vicarious liability. Sellers are in the best position to monitor and police third party telemarketer's compliance with the TCPA and to hold otherwise would leave consumers without an effective remedy for telemarketing intrusions.

### The Plaintiff's cell phone is a residential number

92. The calls were to the Plaintiff's cellular phone 915-245-4374, which is the Plaintiff's personal cell phone that he uses for personal, family, and household use. The Plaintiff maintains no landline phones at his residence and has not done so for at least 10 years.  The Plaintiff further has his cell phone registered in his personal name, pays the cell phone from his personal accounts, and the phone is not primarily used for any business purpose.

## COUNT I

### Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (b)

### (*Against All Defendants*)

93. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

94. Defendants caused telephone calls to be placed to Plaintiff's' cellular telephone without prior express written consent.

95. Defendants' calls were made for purposes of advertising and marketing Defendants' insurance related products.

96. The calls were made using an artificial or prerecorded voice message to the cellular phone of Plaintiff in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and (B).

97. As a result of their unlawful conduct, Defendants repeatedly invaded the personal privacy of Plaintiffs, causing Plaintiff to suffer damages and, under 47 U.S.C. § 227(b)(3)(B), entitling Plaintiff to recover $500 in statutory damages for each violation and an injunction requiring Defendants to stop their unlawful calling campaigns.

98. Plaintiff is entitled to an award of up to $1,500 in damages for each such knowing or willful violation. 47 U.S.C. § 227(b)(3).

## COUNT II

### Telemarketing Without Mandated Safeguards, 47 C.F.R. § 64.1200(d)

### (Against All Defendants)

99. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

100.       The foregoing acts and omissions of Defendants and/or their affiliates or agents constitute multiple violations of FCC regulations by making telemarketing solicitations despite lacking:

    a.   written policy, available upon demand, for maintaining a do-not-call list, in violation of 47 C.F.R. § 64.1200(d)(1)[2];

---

[2] See id. at 425 (codifying a June 26, 2003 FCC order).

    b.  training for the individuals involved in the telemarketing on the existence of and

        use of a do-not-call list, in violation of 47 C.F.R. § 64.1200(d)(2)[3]; and,

    c.  in the solicitations, the name of the individual caller and the name of the person or

        entity on whose behalf the call is being made, in violation of 47 C.F.R. §

        64.1200(d)(4).[4]

101.      Plaintiff is entitled to an award of at least $500 in damages for each such

violation. 47 U.S.C. § 227(c)(5)(B).

102.      Plaintiff is entitled to an award of up to $1,500 in damages for each such knowing

or willful violation. 47 U.S.C. § 227(c)(5).

## COUNT III

### Violations of The Texas Business and Commerce Code 305.053

103.      Plaintiff realleges and incorporates by reference each and every allegation set

forth in the preceding paragraphs.

104.      The foregoing acts and omissions of Defendants and/or their affiliates or agents

constitute multiple violations of the **Texas Business and Commerce Code 305.053**, by

making non-emergency telemarketing robocalls to Mr. Callier's cellular telephone

number without his prior express written consent in violation of 47 USC 227 et seq. The

Defendants violated 47 USC 227(d) and 47 USC 227(d)(3) and 47 USC 227(e) by using

an automated dialing system that does not comply with the technical and procedural

standards under this subsection.

---

[3] *See id.* at 425 (codifying a June 26, 2003 FCC order).
[4] *See id.* at 425 (codifying a June 26, 2003 FCC order

105.     Plaintiff is entitled to an award of at least $500 in damages for each such violation. **Texas Business and Commerce Code 305.053(b)**

106.     Plaintiff is entitled to an award of up to $1,500 in damages for each such knowing or willful violation. **Texas Business and Commerce Code 305.053**(c).

**COUNT IV**

**Violations of The Texas Business and Commerce Code 302.101**

107.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

108.     §302.101 of the Texas Business & Commerce Code prohibits sells from engaging in telephone solicitation from a location in this state or to a purchaser located in this state unless the seller obtains a registration certificate from the Office of the Secretary of State for the business location from which the solicitation is made.

109.     Defendant violated § 302.101 of the Texas Business & Commerce Code when its representatives engaged in continuous and repetitive telephone solicitation of Plaintiff without obtaining a registration certificate from the Office of the Secretary of State.

110.     §302.302(a) of the Texas Business & Commerce Code provides that a person who violates this chapter is subject to a civil penalty of no more than $5000 for each violation. Furthermore, §302.302(d) provides that the party bringing the action is also entitled to recover all reasonable costs of prosecuting the action, including court costs, investigative costs, deposition expenses, witness fees and attorney fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Brandon Callier prays for judgment against the defendants jointly and severally as follows:

20

A.     Leave to amend this Complaint to name DOESs as they are identified and to conform to the evidence presented at trial;

B.     A declaration that actions complained of herein by Defendants violate the TCPA and Texas state law;

C.     An injunction enjoining Defendants and their affiliates and agents from engaging in the unlawful conduct set forth herein;

D.     An award of $3000 per call in statutory damages arising from the TCPA intentional violations jointly and severally against the corporation and individual for 204 calls.

E.     An award of $1,500 in statutory damages per call arising from violations of the Texas Business and Commerce code 305.053;

F.     An award of $5000 per call in statutory damages per call arising from violation of the Texas Business and Commerce code 302.101;

G.     An award to Mr. Callier of damages, as allowed by law under the TCPA;

H.     An award to Ms. Callier of interest, costs and attorneys' fees, as allowed by law and equity; and

I.     Such further relief as the Court deems necessary, just, and proper.

## **DEMAND FOR JURY TRIAL**

Please take notice Plaintiff, Brandon Callier, demands a jury trial in this case.

March 22, 2021                                    Respectfully Submitted,

Brandon Callier
Plaintiff, Pro Se
6336 Franklin Trail Drive
El Paso, TX 79912