**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **BRANDON CALLIER,** | § | |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | |
| | § | |
| **NATIONAL UNITED GROUP, LLC,** a | § | |
| Texas Liability Company, **CENTENE** | § | |
| **CORPORATION, d/b/a AM BETTER,** | § | |
| a Delaware Corporation, **MULBERRY** | § | **Civil Action No. 3:21-cv-00071-DB** |
| **MANAGEMENT CORPORATION** | § | |
| **d/b/a OSCAR MANAGEMENT** | § | |
| **CORPORATION,** a Delaware | § | |
| Corporation, **CR INSURANCE GROUP,** | § | |
| **LLC,** a Florida Limited Liability | § | |
| Company and John Does 1-4, | § | |
| *Defendant*. | § | |

**DEFENDANT MULBERRY MANAGEMENT CORPORATION
d/b/a OSCAR MANAGEMENT CORPORATION'S
MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Defendant Mulberry Management Corporation d/b/a Oscar Management Corporation ("Oscar") respectfully moves this Court to dismiss Plaintiff's Amended Complaint [Dkt. No. 33] (the "Amended Complaint") under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6) (the "Motion"). In support of this Motion, Oscar would show this Court, as follows:

## I.   INTRODUCTION

Pursuant to Federal Rules of Civil Procedure 12(b)(2), Plaintiff's lawsuit should be dismissed for lack of personal jurisdiction, because Oscar does not have contacts with Texas sufficient to justify this Court's exercise of personal jurisdiction over it. Plaintiff cannot establish general or specific personal jurisdiction over Oscar in Texas. General jurisdiction is inappropriate, because Oscar is not "at home" in Texas; Oscar is a Delaware corporation with its principal place of business in New York City. Specific jurisdiction would be inappropriate, because Plaintiff's

1

lawsuit does not arise out of Oscar's contact with the forum state; Oscar did not call Plaintiff's cell phone and Plaintiff failed to sufficiently allege that it did.  Accordingly, Oscar is not subject to this Court's jurisdiction.

Pursuant to Federal Rules of Civil Procedure 12(b)(6), Plaintiff's causes of action against Oscar should be dismissed, because he failed to plausibly state a claim for which relief could be granted.  Plaintiff failed to sufficiently plead that Oscar made any of the calls at issue in violation of the Telephone Consumer Protection Act ("TCPA").  Plaintiff also failed to sufficiently plead that Oscar is liable for any of the calls at issue in this litigation through any cognizable theory of agency.  In his Amended Complaint, Plaintiff makes vague allegations that all defendants in this lawsuit are collectively responsible for the calls at issue without connecting any specific defendant to any specific call.  Plaintiff provides only conclusory allegations that some defendants could be vicariously liable for the calls in question but does not allege any facts demonstrating that Oscar is liable pursuant to an agency relationship with any of the defendants or any non-party to this lawsuit.  All of these allegations are unsubstantiated legal conclusions that are controverted by Oscar's sworn declaration; specifically, Oscar does not initiate outbound telemarketing or solicitation calls to consumers, Oscar did not call Plaintiff, and Oscar does not make calls using an artificial or prerecorded voice.

Pursuant to Federal Rules of Civil Procedure 12(b)(6), Plaintiff's claims under: (i) 47 C.F.R. § 64.1200(d); (ii) Texas Business and Commerce Code ("TBCC") 305.053; and (iii) TBCC 302.101 fail for the same reasons as his TCPA claim.  Accordingly, this Court should grant Oscar's Motion to Dismiss.

## II.     STATEMENT OF FACTS

Plaintiff claims that all the Defendants collectively violated the TCPA by allegedly making 204 phone calls utilizing prerecorded voice messages and 74 direct sales calls to his cell phone. (Am. Compl. ¶¶ 41-108, ECF 33).  Plaintiff listed each of the phone calls alleged in this litigation but did not attribute any of them to any specific Defendant. (*See* Am. Compl. ¶ 108, ECF 33). Instead, Plaintiff only alleges he received the phone calls "from the Defendants" without specifying who made which call. (Am. Compl. ¶ 108, ECF 33).

Plaintiff alleges that the phone calls to his cellular phone number were for solicitation purposes.  (Am. Compl. ¶¶ 63, 75, 83, 84, ECF 33).  Plaintiff further alleges that as a result of the calls, he—or third parties who are not parties to this lawsuit—purchased an Oscar health insurance policy from whatever individual or entity called Plaintiff.  (Am. Compl. ¶¶ 63-64, 70, 73, 77, 79, ECF 33).  But Plaintiff did not allege that Oscar itself made any of the phone calls or directed anyone to make any of the calls.  Moreover, Plaintiff did not allege who made each of the phone calls at issue in and how Oscar is responsible for them.  Crucially, Plaintiff's claims do not arise out of a purchase with Oscar but instead arise out of alleged phone calls that Oscar did not place.

Oscar is a Delaware corporation engaged in providing administrative management services to affiliated insurance and managed care companies.  (*See* Johnson Decl. ¶ 3).  Oscar's principal place of business is in New York City, New York.  (*See* Johnson Decl. ¶ 3).  Oscar was in no way involved with the calls at issue in this case.  (*See* Johnson Decl. ¶¶ 5, 7-12).  Oscar did not make any outgoing calls to Plaintiff.  (*See* Johnson Decl. ¶¶ 7, 11).  Oscar did not authorize any third party to make the alleged calls to Plaintiff.  (*See* Johnson Decl. ¶¶ 8-10, 12).

4851-2912-1522v.1

### III.   <u>LEGAL STANDARD</u>

**A.**   ***Standard for dismissal pursuant to FRCP 12(b)(2).***

"A district court may exercise personal jurisdiction over a nonresident defendant if: '(1) the long-arm statute of the forum state creates personal jurisdiction over the defendant; and (2) the exercise of personal jurisdiction is consistent with the due process guarantees of the United States Constitution.'" *Hudnall v. State Bar of Ga.*, 2016 U.S. Dist. LEXIS 79663, at *6 (W.D. Tex. June 18, 2016) (quoting *Clemens v. McNamee*, 615 F.3d 374, 378 (5th Cir. 2010). Here, "Texas's long-arm statute extends to the limits of due process, [thus] the [c]ourt's inquiry is limited to whether exercising personal jurisdiction over the defendant offends due process." *Id.* (citing *Pervasive Software, Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 220 (5th Cir. 2012); *Clemens*, 615 F.3d at 378; *Stroman Realty, Inc. v. Antt*, 528 F.3d 382, 385 (5th Cir. 2008)).

Under this standard, the relevant inquiry is whether "(1) that defendant has purposefully availed [it]self of the benefits and protections of the forum state by establishing minimum contacts with the forum state and (2) the exercise of jurisdiction over that defendant does not offend traditional notions of fair play and substantial justice." *Clemens*, 615 F.3d at 378 (citing *Revell v. Lidov*, 317 F.3d 467, 470 (5th Cir. 2002)). "'Minimum contacts' can give rise to either specific jurisdiction or general jurisdiction." *Sangha v. Navig8 Shipmanagement Private Ltd.*, 882 F.3d 96, 101 (5th Cir. 2018) (*citing Lewis v. Fresne*, 252 F.3d 352, 358 (5th Cir. 2001)).

General jurisdiction may be exercised over a defendant only "when [its] affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Id.* (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). Specific jurisdiction, on the other hand, is appropriate "when a nonresident defendant has purposefully directed its activities at the forum state and the litigation results from alleged injuries

4

that arise out of or relate to those activities." *Head v. Las Vegas Sands, LLC*, 760 F. App'x 281, 284 (5th Cir. 2019) (quoting *Sangha*, 882 F.3d at 101).

**B.**      ***Standard for dismissal pursuant to FRCP 12(b)(6).***

"The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when ***all well-pleaded facts*** are assumed true and are viewed in the light most favorable to the plaintiff." *Lone Star Fund V (US), LP v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (emphasis added). To that end, courts "do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc., Etc.*, 407 F.3d 690, 696 (5th Cir. 2005). Thus, a complaint "must include sufficient facts to indicate the facial plausibility of the claims asserted, raising the 'right to relief above the speculative level.'" *We-Flex, LLC v. NBSP, Inc.*, 2012 U.S. Dist. LEXIS 58154, at *10 (S.D. Tex. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, (2007)). "In other words, the factual allegations must allow for an inference of '***more than a sheer possibility that a defendant has acted unlawfully***.'" *Id.* (emphasis added) (internal citations and quotations omitted).

## IV.      <u>ARGUMENT</u>

**A.**      ***Plaintiff's lawsuit against Oscar should be dismissed pursuant to FRCP 12(b)(2) because the Court lacks personal jurisdiction over Oscar.***

This Court lacks personal jurisdiction over Oscar. Oscar is not subject to general jurisdiction in Texas, and Plaintiff does not allege that Oscar is "at home" in Texas presumably because Plaintiff knows Oscar is not. Oscar is not subject to specific jurisdiction in Texas because it did not make any calls at issue in this lawsuit.

### 1.      **Oscar is not subject to general jurisdiction in Texas.**

This Court does not have general jurisdiction over Oscar because Oscar is not "at home" in Texas. For this Court to exercise general jurisdiction over a defendant, the defendant's

"affiliations with the State [must be] so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Sangha*, 882 F.3d at 101 (quoting *Goodyear*, 564 U.S. at 919); *see also Rawls v. Old Republic Gen. Ins. Grp., Inc.*, 489 F. Supp. 3d 646, 657 (S.D. Tex. 2020). "[F]or a corporation, 'the place of incorporation and principal place of business' are where it is 'at home' and are thus paradigm bases for jurisdiction." *Monkton Ins. Servs. v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014)). "It is, therefore, incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of business." *Id.* (citing *Daimler AG*, 571 U.S. at 137; *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 411-12, 418 (1984)); *see also Rawls*, 489 F. Supp. 3d 646, 657 (S.D. Tex. 2020).

"Both the Supreme Court and the Fifth Circuit have recognized that it is only in an exceptional case that a corporation's operation in a forum other than its formal place of incorporation or principal place of business may be so substantial and of such a nature as to render it subject to general jurisdiction in the forum state." *Rawls*, 489 F. Supp. 3d at 657. "The Fifth Circuit has made clear that in order to confer general jurisdiction a defendant must have a business presence *in* Texas. Substantial sales of goods, advertisement, and business registration, even with other contacts, **have not been found to confer general jurisdiction**." *Id.* (citing *Frank v. P N K (Lake Charles) L.L.C.*, 947 F.3d 331, 339 (5th Cir. 2020) (emphasis added). Indeed, "even extensive business with customers in Texas [is] not enough to demonstrate general jurisdiction given the winnowing of that standard by the higher courts over the past decades." *Rawls*, 489 F. Supp. 3d at 661.

Oscar is incorporated in Delaware. (*See* Johnson Decl. ¶ 3). Oscar's principal place of business is in New York City, New York. (*See* Johnson Decl. ¶ 3). Oscar has not had such

"continuous and systematic" contact with Texas to be subject to general jurisdiction in Texas. (*See* Johnson Decl. ¶¶ 3). Specifically, Oscar does not engage in outbound telemarketing or solicitations to sell its insurance policies at all, much less to Texas. (*See* Johnson Decl. ¶ 6). Oscar did not initiate any calls to Plaintiff. (*See* Johnson Decl. ¶ 7). Oscar did not direct, oversee, or manage any third party in initiating any calls to Plaintiff. (*See* Johnson Decl. ¶ 8). Oscar did not ratify any conduct of any third party who allegedly contacted Plaintiff. (*See* Johnson Decl. ¶ 10). Finally, even if Plaintiff—or third parties affiliated with Plaintiff who are not parties to this lawsuit—obtained Oscar insurance, that is not enough to subject Oscar to general jurisdiction in Texas. *See Rawls*, 489 F. Supp. 3d at 661 ("[B]ut independent dealerships, service facilities, and even extensive business with customers in Texas are not enough to demonstrate general jurisdiction given the winnowing of that standard by the higher courts over the past decades."). Despite Plaintiff's conclusory allegations otherwise, this Court cannot exercise general jurisdiction over Oscar because Oscar is neither "at home" in Texas nor maintains "systematic and continuous" contacts with Texas.

### 2.      Oscar is not subject to specific personal jurisdiction in Texas.

This Court does not have specific personal jurisdiction over Oscar, nor does Plaintiff even allege that this Court has specific jurisdiction over Oscar. (*See* Am. Compl. ¶ 17, ECF 33). Oscar does not have sufficient ties to Texas for this Court to assert specific personal jurisdiction over it. Courts within the Fifth Circuit have direct guidance to determine whether a court may exercise specific jurisdiction. *See Rawls*, 489 F. Supp. 3d at 661 (citing *Carmona v. Leo Ship Mgmt., Inc.*, 924 F.3d 190, 193 (5th Cir. 2019)). Specifically, the Fifth Circuit requires a court to consider:

> (1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results

7

from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.

*Id.* It is the Plaintiff's burden to satisfy the first two elements. *Seiferth v. Helicopteros Atuneros, Inc*., 472 F.3d 266, 271 (5th Cir. 2006). **Only** if the plaintiff meets the high burden of satisfying the first two elements—which Plaintiff has not—then defendant must bear the burden of showing the exercise of jurisdiction would be unfair. *Id.*

      (a)    <u>Plaintiff cannot establish the first two prongs of the Fifth Circuit's personal jurisdiction test.</u>

With respect to the first prong, a defendant must have committed "some act whereby [the defendant] 'purposefully availed' [itself] of the privilege of conducting activities in Texas." *Lea v. McGue*, 2020 U.S. Dist. LEXIS 173287, at *7 (noting the defendant's conduct must show that it "reasonably anticipated" being brought into court in Texas) (citing *World-Wide Volkswagon Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

Under the TCPA, calling a cell phone number with an area code belonging to a specific state does not demonstrate that the defendant had sufficient minimum contacts with that state to assert personal jurisdiction over the defendant. *See Cantu v. Platinum Mktg. Grp., LLC*, 2015 U.S. Dist. LEXIS 90824, at *8–9 (S.D. Tex. July 13, 2015) (emphasis added). Acknowledging that we live in a mobile society, the *Cantu* court reasoned that "the Court cannot find that [defendant] purposefully availed itself of the protections of Texas law on this record. [Plaintiff] cites no evidence showing that [defendant] knew that a call to a cell phone number having an area code associated with Texas was as likely to reach a Texas resident[.]" *Id*. at *8–10 ("[T]he Court determines that showing that a TCPA defendant called a phone number in an area code associated with the plaintiff's alleged state of residence does not, by itself, establish minimum contacts with that state.").

Furthermore, "the combination of mailing payments to the forum state, engaging in communications related to the execution and performance of [a] contract, and the existence of a contract between the nonresident defendant and a resident of the forum are insufficient to establish the minimum contacts necessary to support the exercise of specific personal jurisdiction over the nonresident defendant." *Freudensprung v. Offshore Tech. Servs., Inc.,* 379 F.3d 327, 344 (5th Cir. 2004); *see also Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475 (1985); *Gulf Coast Bank & Tr. Co. v. Designed Conveyor Sys., L.L.C.*, 717 F. App'x 394, 399 (5th Cir. 2017).

Plaintiff does not allege facts sufficient to support his allegations that Oscar is independently, or through some unspecified agency relationship, responsible for any of the calls he purportedly received. Even if he did, such allegations that the calls were made by Oscar, or by some agent of Oscar's, are wholly insufficient to establish specific jurisdiction over Oscar. **Simply because Plaintiff received calls in Texas, does not mean that any party who called him is subject to personal jurisdiction in Texas.** *See Cantu*, 2015 U.S. Dist. LEXIS 90824, at *8–10.

Additionally, Oscar did not engage in outbound telemarketing to Plaintiff, and did not initiate any calls to Plaintiff. (*See* Johnson Decl. ¶¶ 5, 7). Oscar did not direct, oversee, or manage any third party in initiating any calls to Plaintiff. (*See* Johnson Decl. ¶¶ 8-10). Even if a representative of an unknown third party did reference Oscar while on the phone with Plaintiff, that fact alone does not give rise to any sort of agency relationship with Oscar. *See Walden v. Fiore*, 571 U.S. 277, 284 (2014) ("[T]he relationship [between the defendants and the forum] must arise out of contacts that the 'defendant *himself*' creates with the forum State." (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)) (emphasis in original). Finally, simply because Plaintiff—or third parties entirely unrelated to this litigation—purchased an Oscar insurance policy, that alone does not subject Oscar to personal jurisdiction in Texas. *See Freudensprung*,

379 F.3d at 344.  Because Plaintiff cannot meet the first two prongs of the Fifth Circuit's personal

jurisdiction test, this Court should dismiss Plaintiff's claims against Oscar for want of jurisdiction.

> (b)   Asserting personal jurisdiction over Oscar offends the principles of fair play and substantial justice.

Even if this Court finds that Plaintiff has established the first two prongs of the Fifth

Circuit's test, the exercise of personal jurisdiction over Oscar would not be fair and reasonable.

*Zoch v. Daimler*, 2017 U.S. Dist. LEXIS 169240 at *10; *see also Matheson Tri-Gas, Inc. v.*

*FlexTM, Inc.*, 2018 U.S. Dist. LEXIS 87195, at *8 (S.D. Tex. May 24, 2018) ("In addition to

minimum contacts, due process requires the exercise of personal jurisdiction to comply with

traditional notions of fair play and substantial justice.) (quoting *Dejoria v. Maghreb Petroleum*

*Expl., S.A.*, 804 F.3d 373, 388 (5th Cir. 2015)).  In order to comply with the notions of fair play

and substantial justice, "[t]he relationship between the defendant and the forum state must be such

that it is reasonable to require the [company] to defend the particular suit." *Hargrove v.*

*Underwriters at Lloyd's*, 937 F. Supp. 595, 606 (S.D. Tex. 1996) (citing *World-Wide Volkswagen*

*Corp. v. Woodson*, 444 U.S. 286, 292 (1980)).

Oscar has no relationship with Texas related to this matter that would make it reasonable

for it to be required to defend a lawsuit in this forum.  Oscar did not solicit Plaintiff's business, did

not make calls to Plaintiff, and did not direct a third party to call Plaintiff. (*See* Johnson Decl. ¶¶

5, 8-12).  Oscar certainly did not authorize any third party to violate the TCPA in Texas or

otherwise.  (*See* Johnson Decl. ¶¶ 6, 10, 12).  Accordingly, this Court should dismiss Plaintiff's

Amended Complaint, because it does not have jurisdiction over Oscar.

**B.**   ***Plaintiff's lawsuit against Oscar should be dismissed pursuant to FRCP 12(b)(6) because Plaintiff failed to state a claim for which relief may be granted.***

Plaintiff's claims must be dismissed, because he failed to state a claim upon which relief

may be granted.  In his Amended Complaint, Plaintiff does not plausibly allege that Oscar actually

made the calls at issue, so his TCPA claim must be dismissed.  Additionally, his allegations that Oscar is vicariously liable for the phone calls at issue lacks the necessary support from his pleading.  Because Oscar did not make any of the calls at issue, Plaintiff's claims under 47 C.F.R. § 64.1200(d) should also be dismissed.  Additionally, as established herein, Plaintiff did not sufficiently plead a violation of the TCPA, so Plaintiff's claim under TBCC 305.053 must also be dismissed.  Finally, as discussed in depth in this motion, Oscar did not "make a telephone solicitation from a location in this state or to a purchaser located in this state," and Plaintiff's claim under TBCC 302.101 should be dismissed.

1.      **Plaintiff's TCPA claim should be dismissed pursuant to FRCP 12(b)(6)**.

Plaintiff's TCPA claim against Oscar should be dismissed, because he failed to state a claim under the TCPA as it relates to Oscar.  The provision of the TCPA under which Plaintiff sued restricts calls to a party's cellular telephone using an artificial or prerecorded voice.  47 U.S.C. § 227(b)(1)(A)(iii).  The potential for direct liability under the TCPA can apply only under certain circumstances, and only to entities that "initiate" the telemarketing calls.  *See In re Dish Network*, LLC, 28 FCC Rcd. 6574, 6582 ¶ 24 (2013); *see also Cunningham v. Health Plan Intermediaries Holdings, LLC*, 2021 U.S. Dist. LEXIS 91978, at *6 (M.D. Tenn. 2021) ("[Plaintiff's Complaint] contains no specific factual allegations that could plausibly demonstrate that [defendant] *initiated* any call to [plaintiff]." (emphasis added)).  *Id.*  A person or entity "initiates" a telephone call when "it takes the steps necessary to physically place a telephone call."  *Dish Network*, 28 FCC Rcd. at 6583 ¶ 26.  Accordingly, a person or entity generally does not "initiate" calls placed by third-party telemarketers.  *Id*. at 6593 ¶ 48; *see also Cunningham*, 2021 U.S. Dist. LEXIS 91978, at *6.

11

Additionally, inclusion of generalities of collective wrongdoing is insufficient to maintain a claim against an individual defendant.  Specifically, conclusory pleadings which attempt to lump unlawful behavior unto a group, rather than specifically identifying alleged wrongdoing particular to each individual defendant, must be dismissed. *See Reese v. Marketron Broad. Sols., LLC*, 2018 U.S. Dist. LEXIS 803, at *4 (E.D. La. Jan. 3, 2018) (dismissing plaintiff's claim because "it rests on conclusory allegations of collective wrongdoing . . . . direct[ing] its allegations towards 'defendants' as a group without explaining any particular defendant's involvement.").  "Because the notice pleading requirement of the Federal Rules of Civil Procedure entitles each defendant . . . to know what he or she did that is asserted to be wrongful, allegations based on a theory of collective responsibility cannot withstand a motion to dismiss." *Id*. (citing *Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013)).

Plaintiff did not plausibly allege that Oscar itself made any of the phone calls using an artificial or prerecorded voice.  Indeed, Plaintiff only specifically mentions three scenarios which allegedly, but indirectly, involve Oscar in his Amended Complaint. (*See* Am. Compl. ¶¶ 63-64, 68-73, 75-79).  Plaintiff first alleges that on November 5, 2020, he received a call containing an automated message in Spanish, and that he handed the phone to a nearby Spanish speaker—who is not a party to this lawsuit—who was then "solicited and purchased" an Oscar health insurance policy.  (Am. Compl. ¶¶ 61-63, ECF 33).  Plaintiff then alleges that the third party received a welcome letter from Oscar weeks later. (Am. Compl. ¶ 64, ECF 33).  Notably, Plaintiff does not allege that Oscar made the call, that Oscar authorized or directed anyone to make the call on its behalf, or that Oscar was involved in the call in any manner.  (*See* Am. Compl. ¶¶ 48-50, ECF 33).  Plaintiff only alleges that, as a result of the call, a third party purchased an Oscar insurance

policy—Plaintiff does not allege that the third party purchased a policy that was sold directly by Oscar.

Plaintiff's Amended Complaint also alleges that on December 15, 2020, Plaintiff received a call and was "solicited health insurance through" Oscar. (Am. Compl. ¶ 73, ECF 33).  By virtue of Plaintiff's own Amended Complaint, he willingly admits that the call was not made by Oscar, but instead by a party soliciting insurance *through* Oscar. (Am. Compl. ¶ 73).  Furthermore, Plaintiff does not allege who allegedly made the call wherein the third party purchased an Oscar health insurance policy. (*See* Am. Compl. ¶¶ 68-73).  Plaintiff has not alleged that the call was, in fact, made by Oscar, or sufficiently pled that it was made by one of Oscar's agents or that Oscar was the principal of whoever actually made the call.  *See Cunningham*, 2021 U.S. Dist. LEXIS 91978, at *7 (dismissing plaintiff's TCPA cause of action under an agency theory because a complaint does not identify a principal for the alleged web of agents).

Finally, Plaintiff claims that on January 14, 2021, he received another call utilizing an automated message.  (*See* Am. Compl. ¶ 75, ECF 33).  Again, Plaintiff handed the phone to a third party—who is not a party to this lawsuit.  (*See* Am. Compl. ¶ 76, ECF 33).  Again, Plaintiff alleges that, as a result of the call, the third party—who is not a party to this lawsuit—enrolled "in a health insurance policy issued by Oscar . . . ."  (Am. Compl. ¶ 77, ECF 33).  Notably, Plaintiff does not allege that Oscar made the call, that Oscar authorized anyone to make the call on its behalf, or that Oscar was involved in the call in any manner. (*See* Am. Compl. ¶¶ 75-79, ECF 33).  Plaintiff only alleges that, as a result of the call, a third party purchased an insurance policy that was ***issued*** by Oscar, not sold by Oscar.  Accordingly, Plaintiff's TCPA claims against Oscar should be dismissed, because Plaintiff fails to allege facts sufficient to support a claim against Oscar.

13

2.    **Plaintiff's TCPA vicarious liability claims should be dismissed pursuant to FRCP 12(b)(6).**

Plaintiff's allegations that "Defendants"—without identifying which defendants are supposedly vicariously liable for which calls—must be disregarded. Plaintiff, without any factual support to the conclusory statements in his Amended Complaint, claims that "Defendants are liable for the TCPA violating robocalls under the following theories of liability: (1) Direct Liability, (2) Actual Authority, (3) Apparent Authority, (4) Ratification, (5) Acting in Concert, and (6) Joint Enterprise . . . ." (Am. Compl. ¶ 109, ECF 33).

The Federal Communications Commission (FCC)'s declaratory ruling in *In re Dish Network* acknowledges the possibility of vicarious liability for TCPA violations under agency principles, including formal agency, apparent authority, and ratification—but **notably, none of those possibilities exist here**. *See In re Dish Network, LLC*, 28 FCC Rcd. 6574, 6584 ¶ 28 (2013) ("[W]e find that the seller may be held vicariously liable under federal common law principles of agency for TCPA violations committed by third-party telemarketers . . . under a broad range of agency principles."). Generalized, non-specific allegations against all defendants to a lawsuit is sufficient to give rise to an inference of an agency relationship between the defendants. *See Lifestyles Dev., LLC*, 2019 U.S. Dist. LEXIS 154112 at *12 ("Plaintiff must allege factual allegations regarding [defendant's] relationship with the purported agents/callers—broad, general allegations are not sufficient.") (citing *Naiman v. Freedom Forever, LLC*, Case No.19-cv-00256-JSC, 2019 U.S. Dist. LEXIS 69728, at *4 (N.D. Cal. Apr. 24, 2019)); *see also Cunningham v. Health Plan Intermediaries Holdings, LLC*, 2021 U.S. Dist. LEXIS 91978, at *10 (dismissing plaintiff's allegations of agency liability in a TCPA case because plaintiff offered only threadbare recitals of the elements of a cause of action and conclusory statement regarding an agency relationship). A complaint that is "devoid of any facts showing that [a defendant] had control over

14

any other defendant, agent, or caller" must be dismissed. *See Lifestyles Dev., LLC*, 2019 U.S. Dist. LEXIS 154112 at *12 (dismissing vicarious liability claim because plaintiff "fail[ed] to connect [defendant] with any purported callers; instead, plaintiff lump[ed] [all] defendants together, and generally assert[ed] that the calls were made on behalf of [the named defendants] without any further indication of how [the defendant] asserted control over any specific co-defendant, agent, or caller.").

Plaintiff impermissibly includes all defendants to this lawsuit in his collective allegation regarding the purported phone calls at issue. Specifically, in Paragraph 108 of his Amended Complaint, Plaintiff lists all 204 purported prerecorded calls and 74 "direct dialed sales calls" at issue without identifying any single party who Plaintiff claims made each alleged phone call. (Am. Compl. ¶ 108, ECF 33). Indeed, with Plaintiff's list, it is impossible to determine which defendant he alleges made each particular call. "Because [p]laintiff does not allege that [defendant] actually initiated a phone call in violation of the TCPA . . . he has not shown that [defendant] is directly liable for any of the offending phone calls." *Cunningham v. Lifestyles Dev., LLC*, 2019 U.S. Dist. LEXIS 154112, at *8 (E.D. Tex. Aug. 8, 2019) (citing *In re Monitronics Int'l, Inc.*, 223 F. Supp. 3d 514, 519 (N.D. W. Va. 2016)); *Cunningham v. Politi*, 2019 U.S. Dist. LEXIS 102449, at *15 (E.D. Tex. Apr. 30, 2019) (same) (Nowak, J.), report and recommendation adopted, 2019 U.S. Dist. LEXIS 102054 (E.D. Tex. June 19, 2019). Accordingly, Plaintiff's ambiguous and summary allegations against all defendants in this matter should be dismissed.

(a)   <u>Plaintiff has failed to sufficiently plead an agency theory.</u>

Plaintiff did not sufficiently allege an agency theory with regard to Oscar. None of the allegations lodged in Plaintiff's Amended Complaint—other than his conclusory assertion that an agency relationship exists—identify any sort of agency relationship between Oscar and whoever allegedly made the calls at issue in this litigation. In order for his agency claim to survive, Plaintiff

15

must "connect [Oscar] with any purported callers . . ." instead of generally lumping all defendants together. *Cunningham*, 2019 U.S. Dist. LEXIS, at *4. "To sufficiently establish an agency relationship—an thereby a claim for vicarious liability—Plaintiff must allege factual allegations regarding [defendant's] relationship with the purported agents/callers—broad, general allegations are not sufficient." *Id.* Plaintiff has entirely failed to plead that Oscar is liable under any cognizable theory of agency liability.

> (b)     Plaintiff has failed to sufficiently plead actual authority.

"Actual authority arises when the principal intentionally confers authority upon an agent, or intentionally allows the agent to believe it has authority, or by want of due care allows the agent to believe itself to possess authority." *Shanghai Hailian Elec. Tools Co., Ltd. v. Home Depot U.S.A., Inc.*, 2017 U.S. Dist. LEXIS 146919, at *10 (N.D. Tex. Sept. 12, 2017).

In his Amended Petition, Plaintiff wholly fails to provide support or explanation for his allegations that Oscar conferred any authority over any other defendant. In fact, Plaintiff does not even allege who made the phone calls at issue. Plaintiff's only allegations are that he received phone calls and a third party purchased Oscar health insurance policies from the caller. (*See* Am. Compl. ¶¶ 63-64, 68-73, 75-79, ECF 33). Plaintiff alleges no facts demonstrating how those calls were at all connected to Oscar other than the callers were selling Oscar health insurance policies.

Courts have dismissed claims similar to Plaintiff's, even when the plaintiff alleged a specific contractual relationship between the parties. Specifically, in *Shanahan v. Nat'l Auto Prot. Corp.*, the Northern District of Illinois dismissed a TCPA matter wherein the plaintiff specifically alleged a contractual relationship between a party selling auto insurance on behalf of a principal. 2020 U.S. Dist. LEXIS 101031, at *15 (N.D. Ill. 2020). The *Shanahan* Court dismissed plaintiff's actual authority allegations, because the plaintiff alleged no facts indicating that the principal **had control over the caller**. *Id.* This Court should dismiss Plaintiff's bare agency allegations, as did

16

the *Shanahan* Court, because Plaintiff has failed to specifically allege that Oscar had actual authority over any party. *See id.*; *see also Cunningham v. Health Plan Intermediaries Holdings, LLC*, 2021 U.S. Dist. LEXIS 91978, at *7 (M.D. Tenn. 2021) (holding that allegations of universal agency among defendants lacks the factual predicate to support plaintiff's claim of agency).

(c)     <u>Plaintiff has failed to sufficiently plead apparent authority.</u>

Plaintiff also fails to sufficiently plead his bare allegations of apparent authority. "Apparent authority is created as to a third person **by conduct of the principal** which, reasonably interpreted, causes the third person to believe that the principal consents to the act done on his behalf by the person purporting to act for him." *Cactus Pipe & Supply Co., Inc. v. M/V Montmartre*, 756 F.2d 1103, 1111 (5th Cir. 1985) (internal citations omitted). Plaintiff entirely fails to allege facts related to Oscar's conduct that could support a claim of apparent authority. Plaintiff has simply alleged that whomever he spoke with sold an Oscar health insurance policy. (*See* Am. Compl. ¶¶ 63-64, 68-73, 75-79, ECF 33). Because Plaintiff has not alleged any specific conduct related to Oscar, his apparent authority theory of liability should be dismissed.

(d)     <u>Plaintiff has failed to sufficiently plead ratification.</u>

Plaintiff's ratification allegation similarly fails. "[R]atification is a doctrine of agency law, and allows a principal to be bound by an agent's unauthorized contract in circumstances where the principal becomes aware of the contract and retains benefits under it." *Willis v. Donnelly*, 199 S.W.3d 262, 273 (Tex. 2006). "Ratification, however, **presupposes that the principal has an agent who, by agreement, is authorized to act on the principal's behalf**." *Id.*

Plaintiff's ratification allegations are as bare as his actual and apparent authority allegations. Plaintiff has entirely failed to present any factual allegations that Oscar had a relationship with any of the people or entities who actually made the phone calls to him. Similarly,

17

he has failed to allege that Oscar knew of the phone calls, knew of any alleged TCPA violations, or accepted the benefits of any contract after such knowledge. Accordingly, his ratification allegation should be dismissed.

(e)    <u>Plaintiff has failed to sufficiently plead joint enterprise.</u>

Finally, Plaintiff's joint enterprise allegations should also be rejected, because his lump conclusory allegations are not sufficient to support his claim. Courts have routinely held that such conclusory pleadings which attempt to lump unlawful behavior unto a group, rather than specifically identifying alleged wrongdoing particular to each individual defendant, must be dismissed. *See Reese v. Marketron Broad. Sols., LLC*, 2018 U.S. Dist. LEXIS 803, at *4 (E.D. La. Jan. 3, 2018) (dismissing plaintiff's claim because "it rests on conclusory allegations of collective wrongdoing . . . . direct[ing] its allegations towards 'defendants' as a group without explaining any particular defendant's involvement."); *see also Cunningham*, 2021 U.S. Dist. LEXIS 91978, at *8 (M.D. Tenn. 2021) (dismissing Plaintiff's complaint when he used the term "agents" to apply to multiple parties and thus failing to specify what exactly each actor allegedly did.). Plaintiff's joint enterprise allegations, therefore, must be dismissed.

Plaintiff, by virtue of his Amended Complaint, attempts to allege that Oscar violated the TCPA. However, Plaintiff fails to actually allege that Oscar directly made any of the purported calls. Instead, Plaintiff attempts to improperly tie Oscar to TCPA liability because some unknown third party allegedly solicited and sold an Oscar health insurance plan. Such allegations do not amount to a violation of the TCPA. Accordingly, Plaintiff's TCPA violations should be dismissed.

**3.    Plaintiff's 47 C.F.R. § 64.1200(d) claim should be dismissed pursuant to FRCP 12(b)(6).**

Plaintiff's 47 C.F.R. § 64.1200(d) claim against Oscar should be dismissed for the same reason his TCPA claim against Oscar should be dismissed—Plaintiff does not allege facts

18

sufficient to plausibly state a claim that Oscar made any of the calls at issue in this litigation. Specifically, Plaintiff alleges generally and collectively that all defendants in this matter violated 47 C.F.R. § 64.1200(d), 47 C.F.R. § 64.1200(d)(2), and 47 C.F.R. § 64.1200(d)(4).

47 C.F.R. § 64.1200(d) states that "[n]o . . . entity shall initiate any call for telemarketing purposes . . . unless such . . . entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls . . . ." 47 C.F.R. § 64.1200(d).  As discussed in depth above, Oscar did not initiate any telemarketing calls to Plaintiff, nor has Plaintiff sufficiently pled that it has.  Additionally, Plaintiff has not specifically alleged that Oscar violated subsections 64.1200(d)(2) or 64.1200(d)(4).  Instead, Plaintiff generally and conclusively states that all defendants in this lawsuit violated each section, without giving facts sufficient to support these conclusory allegations against each individual defendant.  Because Plaintiff has not sufficiently stated a claim upon which relief can be granted, each of his causes of action under 47 C.F.R. § 64.1200(d) should be dismissed.

**4.      Plaintiff's TBCC 305.053 claim should be dismissed pursuant to FRCP 12(b)(6).**

Plaintiff's TBCC 305.053 claim against Oscar should be dismissed for the same reason his TCPA claim against Oscar should be dismissed—Plaintiff does not allege facts sufficient to plausibly state a claim that Oscar violated the TCPA.  Specifically, to be liable under TBCC 305.053, a party must be in violation of the TCPA.  As addressed in depth in this motion, Plaintiff has entirely failed to plausibly allege facts that state a claim under the TCPA.  Accordingly, Plaintiff's TBCC 305.053 claim should be dismissed pursuant to FRCP 12(b)(6).

**5.      Plaintiff's TBCC 302.101 claim should be dismissed pursuant to FRCP 12(b)(6).**

Plaintiff's TBCC 302.101 claim against Oscar should be dismissed for the same reason his TCPA claim against Oscar should be dismissed—Plaintiff does not allege facts sufficient to plausibly claim that Oscar made the calls at issue.

TBCC 302.101 states that "A seller may not make a telephone solicitation from a location in this state or to a purchaser located in this state" without a proper registration.  Plaintiff generally claims that "Defendant"—without identifying which defendant to which Plaintiff is referring—violated this provision of the TBCC because "its representatives engaged in continuous and repetitive telephone solicitation of Plaintiff without obtaining a registration certificate . . . ." (Am. Compl. ¶ 167).  Plaintiff has not plausibly alleged that Oscar made any of the phone calls. (*See generally* Am. Compl.).  Because Plaintiff has wholly failed to plausibly state a cause of action against Oscar under TBCC 302.101, this claim must be dismissed.

## V.      <u>CONCLUSION</u>

For the reasons set forth in this Motion, Defendant Mulberry Management Corporation d/b/a Oscar Management Corporation respectfully requests this Court to enter an Order dismissing Plaintiff Brandon Callier's Amended Complaint for want of jurisdiction, failure to state a claim, and for such further relief as this Court may allow.

20

Dated: July 22, 2021                                    Respectfully submitted,

                                                       MUNSCH HARDT KOPF & HARR, P.C.

                                                       By: */s/ Michael A. Harvey*
                                                           **MICHAEL A. HARVEY**
                                                           State Bar No. 24058352
                                                           **MUNSCH HARDT KOPF & HARR, P.C.**
                                                           Pennzoil Place
                                                           700 Milam Street, Suite 2700
                                                           Houston, Texas 77002
                                                           Telephone:  713-222-4088
                                                           Fax:  713-222-5868
                                                           mharvey@munsch.com

                                                           **ATTORNEY FOR DEFENDANT**
                                                           **MULBERRY MANAGEMENT**
                                                           **CORPORATION D/B/A OSCAR**
                                                           **MANAGEMENT CORPORATION**

**OF COUNSEL:**

**CHRISTOPHER M. JORDAN**
State Bar No. 24087817
**EARL L. INGLE**
State Bar No.  24097234
**MUNSCH HARDT KOPF & HARR, P.C.**
Pennzoil Place
700 Milam Street, Suite 2700
Houston, Texas 77002
Telephone:  713-222-4088
Fax:  713-222-5868
cjordan@munsch.com
eingle@munsch.com

4851-2912-1522v.1

## CERTIFICATE OF SERVICE

Pursuant to Rule 5 of the Federal Rules of Civil Procedure, the undersigned counsel for Oscar certifies that the foregoing document has been filed with the Court and served upon all known counsel of record via the Court's electronic case filing system on July 22, 2021, and via email to Plaintiff, with Plaintiff's consent, as well as served Certified Mail, Return Receipt Requested to Plaintiff's address listed below:

**VIA U.S. MAIL CMRRR NO.**
9314769904300084696387 and via Email, with consent
Mr. Brandon Callier
6336 Franklin Trail
El Paso, Texas 79912
Email: callier74@gmail.com
*Pro Se Plaintiff*

**VIA ECF**
Caroline Newman Small
DAVIS & SANTOS, P.C.
719 S. Flores Street
San Antonio, Texas 78204
Email: csmall@dslawpc.com
**Counsel for Defendant**
**National United Group**

**VIA ECF**
Daniel Durrell
LOCKE LORD LLP
600 Congress Ave., Suite 2200
Austin, Texas 78701
Email: Daniel.durrell@lockelord.com
**Counsel for Defendant**
**Centene Corporation**

**VIA ECF**
Isaac J. Colunga, *pro hac vice*
ICE MILLER LLC
200 W. Madison St, Suite 3500
Chicago, Illinois 60606
Email: Isaac.colunga@icemiller.com
**Counsel for Defendant**
**National United Group**

*/s/ Michael A. Harvey*
Michael A. Harvey

22