UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| **BRANDON CALLIER,** <br> **Plaintiff,** <br><br> versus <br><br> **NATIONAL UNITED GROUP, LLC,** a Texas Limited Liability Company, **CENTEN CORPORATION d/b/a AM BETTER,** a Delaware Corporation, **MULBERRY MANAGEMENT CORPORATION d/b/a OSCAR MANAGEMENT CORPORATION,** a Delaware Corporation, **CR INSURANCE GROUP, LLC,** a Florida Limited Liability Company, **HEALTH ONE CORP,** a Florida Corporation, **SUSAN CARRASCO, ALEXA ASSURANCE CORP.,** a Florida Corporation, **ABIGAIL VELEZ, RICARDO MOREIRA, MARIA ALLEN CARDONA, ALLEN INSURANCE SERVICES, INC.,** a Florida Corporation, **CARLOS RODRIGUEZ, LPV SERVICES, INC., LISA POLANCO and JOHN DOES 1-4,** <br> Defendants. | **CIVIL ACTION NO. 3:21-cv-00071-DB** <br><br> **JUDGE DAVID BRIONES** |

**************************************************************************

# DEFENDANTS' LIZA POLANCO, LPV SERVICES, INC., MARIA ALLEN CARDONA, AND ALLEN INSURANCE SERVICES, INC.'S MOTION TO DISMISS WITH INCORPORATED MEMORANDUM OF LAW IN SUPPORT

Defendants Liza Polanco ("Polanco"), LPV Services, Inc. ("LPV"), Maria Allen Cardona ("Cardona"), and Allen Insurance Services, Inc. ("AIS") (collectively "Defendants"), through their undersigned counsel, and pursuant to Fed. R. Civ. P. 12(b)(6), respectfully request that the Court dismiss Plaintiff Brandon Callier's first amended complaint (the "Complaint") with prejudice for the below reasons.

## INTRODUCTION

Plaintiff Brandon Callier ("Plaintiff") attempts to assert claims against Defendants for alleged violations of the Telephone Consumer Protection Act (the "TCPA") and "Texas Business and Commerce Code" regarding calls allegedly made to his cellular telephone that utilized artificial or prerecorded voice technology (without his consent). *See generally* ECF No. 33. But, Plaintiff does not allege Defendants physically made the calls at issue nor does he establish an agency relationship between Defendants and the purported unnamed, third-party telemarketers he alleges made such calls. *Id.* His claims thus fail as a matter of law and the Court should dismiss his Complaint in its entirety with prejudice.

## LEGAL STANDARD

Rule 12(b)(6) permits dismissal if a party fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) is read in conjunction with Federal Rule of Civil Procedure 8(a) ("Rule 8"), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal,* 556 U.S. 662, 663-64 (2009).

To meet the requirements of Rule 8, a complaint must contain enough facts to state a claim to relief that is "plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when [a plaintiff] pleads factual content that allows the court to draw the reasonable inference that the [defendant] is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Consistent with Rule 8(a)(2)'s requirement that the complaint "show" and not merely allege that a party is entitled to relief, the well-pleaded facts must do more than "permit the court to infer . . . the mere possibility of misconduct." *Id.*

Facial plausibility requires "more than an unadorned . . . accusation." *Iqbal,* 556 U.S. at 678. Thus, "conclusory statements are not entitled to the assumption of truth." *Williams-Boldware v. Denton Cty.,* 741 F.3d 635, 644 (5th Cir. 2014) (quoting *Iqbal,* 556 U.S. at 679). A complaint that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly,* 550 U.S. at 555). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (citing *Twombly,* 550 U.S. at 557).

Highly general assertions directed at no one in particular are not sufficient to raise an inference of plausibility against a particular defendant. *Cobarobio v. Midland Cty.*, 2015 WL 13608102,*9 (W.D. Tex. Jan. 7, 2015), *aff'd,* 695 F. App'x 88 (5th Cir. 2017) (stating that the *Iqbal* standard was not met by a complaint containing "global assertions of fault," "routinely lump[ing] all Defendants together without identifying actions of any individual Defendant," and failing to "set out the specific factual allegations . . . [relating to] any particular defendant.").

## ARGUMENT

I.   **Plaintiff's TCPA Claims (Counts I and II) Fail as a Matter of Law.**

   A.   **Plaintiff Does Not Allege that Defendants Physically Initiated any of the Calls at Issue so Defendants Cannot Be Directly Liable under the TCPA.**

Liability under the TCPA can be either direct or vicarious. Direct liability can only apply to the entity that physically makes or initiates the calls at issue. *Cunningham v. Lifestyles Dev., LLC*, 2019 U.S. Dist. LEXIS 154112, *7 (E.D. Tex. Aug. 8, 2019) ("Direct liability under the TCPA . . . applies only to entities that initiate the telemarketing calls."). Put another way, an entity is not "directly liable for a violation of the TCPA unless it initiates a call." *In re Joint Petition Filed By Dish Network, LLC*, 28 F.C.C. Rcd. 6574, 6582-83 ¶24 (2013). An entity "initiates" or "makes" a call for purposes of the TCPA "when it takes the steps necessary to physically place a

telephone call." *In the Matter of Dialing Services, LLC*, 29 F.C.C. Rcd. 5537, 5541 ¶16 (2014); *Cunningham*, 2019 U.S. Dist. LEXIS 154112 at 7-8 ("A person or entity "initiates" a telephone call when "it takes the steps necessary to physically place a telephone call."); *Keating v. Peterson's Nelnet, LLC*, 615 F. App'x 365, 371 (6th Cir. 2015) (the defendants could not be held directly liable under TCPA for text message solicitations that were transmitted by third parties).

Here, Plaintiff does not appear to attempt to hold Defendants directly liable for any of the calls at issue. Instead, Plaintiff appears to base his purported claims on a theory of vicarious liability in which he attempts to hold Defendants liable for calls allegedly made by unnamed, third-party telemarketers—a theory that also fails as discussed below. However, to the extent Plaintiff attempts to bring claims against Defendants based on a theory of direct liability, they fail for at least two reasons.

First, Plaintiff does not allege any facts, much less specific facts, to establish that Defendants physically made or initiated any of the calls at issue. *See generally* Compl., ECF No. 33. Second, Plaintiff does not specifically identify Defendants as the entities that physically called him—nor does he specifically identify any calls he alleges Defendants made (i.e., he does not allege Defendants were the entities that actually called him). *Id*.

Rather than make the above allegations, which he is required to do to survive a Rule 12(b)(6) motion to dismiss, Plaintiff lumps together all ***fourteen*** defendants without identifying which defendants took which actions and without identifying which defendants made which calls. *Id*. In fact, Plaintiff only casually references Defendants in the Complaint and only on very limited occasion. *Id*. And these very limited, casual references relate to allegations that are introductory in nature such as the following allegations: "Defendant LPV SERVICES, INC. ("LPV") is a corporation organized and existing under the laws of Florida and can be served via registered agent

Liza Polanco at 16376 SW 44 Way, Miami, Florida, 33185" and "Defendant LIZA POLANCO ("Polanco") is a natural person, resident of Florida, CEO of LPV Services, Inc. and can be served at 16376 SW 44 Way, Miami, Florida 33185." *Id*. at ¶14 and ¶15.

Without any allegations that specifically identify Defendants as the entities that physically made the calls at issue and without specifically identifying the calls that each defendant physically made (and instead lumping all fourteen defendants together), even under the most liberal of pleading standards, Plaintiff fails to "plausibly" establish a claim for direct liability. Courts have agreed. *Washington v. Patterson-UTI Energy, Inc.*, 2016 U.S. Dist. LEXIS 70475, *10 (W.D. Tex. May 31, 2016) ("Because the amended complaint fails to identify which actions were taken by Patterson-UTI and which were taken by UPP, it fails to put them on notice of the allegations against them as required by Rule 8. For this reason alone, Defendants' motion to dismiss is properly granted."); *Del Castillo v. PMI Holdings N. Am. Inc.*, 2015 U.S. Dist. LEXIS 80301, *20 (S.D. Tex. June 22, 2015) ("A complaint does not satisfy the requirements of *Iqbal* and *Twombly* by lumping together all defendants, while providing no factual basis to distinguish their conduct.").

In fact, this Court previously addressed this issue when it ruled on defendant National United's motion to dismiss on November 17, 2021. ECF No. 65. When ruling on defendant National United's motion to dismiss, the Court disregarded Plaintiff's allegations globally directed at all fourteen defendants because they did not identify specific actions allegedly taken by each individual defendant. *Id*. The Court then held—with the exception of the specific allegations directed towards defendant National United regarding a December 15, 2020 call—that such highly generalized, global allegations directed towards all defendants did not satisfy Rule 8's requirements because they were "mere global assertions of fault" that had "no asserted factual connection" to defendant National United. *Id*. In particular, the Court held as follows:

> Most of the allegations in the Amended Complaint are highly generalized and not clearly directed at any particular defendants. *See* Amend. Compl. 8, ECF No. 33. In the Amended Complaint, Mr. Callier asserts that all "[d]efendants did nothing to stop the harassing phone calls despite being alerted via written demand to cease the phone calls." *Id.* at 14. He goes on to claim that all "[d]efendants participated in, facilitated, directed, authorized, knew of, or willfully ignored the misleading sales practices and unlawful robocalling" and states that all "[d]efendants have knowledge of and have adopted and maintained TCPA violations as a sales strategy." *Id.*
>
> General allegations lumping all defendants together and failing to identify specific actions of individual defendants will not suffice to raise an inference of plausible liability against any individual defendant. *See Cobarobio,* 2015 WL 13608102, at *9. A pleading must provide specific factual allegations of violations against specific defendants to suffice. *See id.* (citing *Iqbal,* 556 U.S. at 678). Using the "collective term 'Defendants' . . . with no distinction as to what acts are attributable to whom" fails to meet the fair notice standard under Rule 8. *Robbins* v. *O/da. ex rel. Dep't of Human Servs.,* 519 F.3d 1242, 1250 (10th Cir. 2008); *see also Atuahene v. City of Hartford,* 10 F. App'x 33, 34 (2d Cir. 2001) (holding that "[b]y lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, [the] complaint failed to satisfy [Rule 8's] minimum standard"). Thus, <u>**the Court will not consider Mr. Callier's assertions against all defendants generally when they are not supported by specific factual allegations**</u>.

*Id*. (emphasis added).

In short, the Court disregarded Plaintiff's highly generalized, global allegations collectively directed towards all fourteen defendants. ECF No. 65. It then only allowed Plaintiff's claims against defendant National United to proceed based on an alleged December 15, 2020 call. *Id*. It did so because it found that Plaintiff specifically linked (with factual support) defendant National United to that specific call. *Id*. The same cannot be said for Defendants—as Plaintiff does not specifically link them to any alleged calls. *See generally* Compl., ECF No. 33. Accordingly, the Court should disregard all of the highly generalized, blanket allegations directed globally towards all fourteen defendants (including Defendants). It should then dismiss Plaintiff's Complaint in its entirety as to Defendants because Plaintiff entirely bases his claims against Defendants on such highly generalized, global allegations—which do not comply with Rule 8's

requirements and satisfy the "plausibility" pleading standard set forth by the United States Supreme Court in *Iqbal* and/or *Twombly*. *Iqbal,* 556 U.S. at 663-64; *Twombly,* 550 U.S. at 570.

    **B.**    **Plaintiff Does Not Plausibly Establish Vicarious Liability to Hold Defendants Liable under the TCPA.**

Having established that any purported claim based on direct liability fails, the analysis shifts to whether Plaintiff "plausibly" alleges with factual support a claim for vicarious liability against Defendants. To establish a claim against Defendants for the calls at issue based on a theory of vicarious liability, Plaintiff must show that the unnamed, third-party telemarketers he alleges called him had an agency relationship with Defendants with respect to the calls at issue or that Defendants ratified their conduct (i.e., approved of their alleged calls in violation of the TCPA with full knowledge of such violations). *In re Joint Petition Filed By Dish Network, LLC*, 28 F.C.C. Rcd. 6574, 6584 (2013).

A plaintiff can establish agency by showing actual or apparent agency. *In re Joint Petition Filed By Dish Network, LLC*, 28 F.C.C. Rcd. 6574, 6584 (2013). Alternatively, a plaintiff can establish a claim for vicarious lability under a theory of ratification. *Id*. But the "mere possibility that a defendant may be vicariously liable is not sufficient to state a claim for relief, and pleading facts that are merely consistent with liability is not enough." *Cunningham v. Kondaur Capital*, 2014 U.S. Dist. LEXIS 183095, *17-18 (M.D. Tenn. 2014). "There must be sufficient factual allegations pled to support a plausible claim against the defendant based upon those facts." *Id*.

    **1.**    **Plaintiff Does Not Establish Actual Agency Between Defendants and the Unnamed, Third-Party Telemarketers.**

For actual agency to exist, the principal must have "both the right: (1) to assign the agent's task; and (2) to control the means and details of the process by which the agent will accomplish that task." *Callier v. Sunpath Ltd.*, 2020 U.S. Dist. LEXIS 256792, *7 (W.D. Tex. Aug. 10, 2010).

7

In the context of the TPCA, this means a plaintiff must allege facts "showing that [the defendant] had the right to control [the caller] and the manner and means" of the phone calls at issue. *Naiman v. TranzVia LLC*, 2017 U.S. Dist. LEXIS 199131,*16 (N.D. Cal. Dec. 4, 2017) (citing *Thomas v. Taco Bell Corp*., 582 Fed. Appx 678, 679-80 (9th Cir. 2014)).

Plaintiff does not allege with any factual support that Defendants instructed or directed the purported unnamed, third-party telemarketers to place the calls at issue to him—nor does he allege with any factual support that Defendants controlled the manner and means by which the purported third-party telemarketers alleged placed such calls. *See generally* Compl., ECF No. 33. Plaintiff also fails to attempt to explain or state the nature of Defendants purported relationship with the purported third-party telemarketers (other than through conclusory allegations not supported by any facts). *Id*. Plaintiff also fails to specifically identify which calls such unnamed, third-party telemarketers allegedly made on Defendants' behalves—nor does Plaintiff specifically link and/or connect Defendants to any unnamed, third-party telemarketer with respect to any of the calls at issue. *Id*. Without all of these allegations and specific facts in support, Plaintiff fails to establish an actual agency relationship between Defendants and the unnamed, third-party telemarketers.

In fact, in *Callier v. Sunpath Ltd.*, the court dismissed a TCPA claim brought by same plaintiff involved here (i.e., Brian Callier). 2020 U.S. Dist. LEXIS 256792, *7-8 (W.D. Tex. Aug. 10, 2020). The court did so because Plaintiff did not state the nature of the relationship between the defendants and the "unidentified telemarketing firm soliciting business on their behalf" and because he failed to establish that the defendants "maintain[ed] control or oversight over [the] third-party marketing firms." *Id*. at 7-8. The court in *Callier* also correctly held that it could not "infer an agency relationship from the mere fact that telemarketing calls were made on behalf of" the defendants. *Id*.

8

Similarly, in *Cunningham v. Kondaur Capital*, the court held that the plaintiff did not sufficiently allege agency because the complaint did not contain any factual allegations that: 1) the defendant "itself had any interaction with the plaintiff," 2) "the[] entities were in fact acting at the directive of or on behalf of [the defendant]," 3) "the plaintiff was transferred to [the defendant] during the telephone calls," 4) the defendant "subsequently contacted the plaintiff in any manner as a result of the telephone calls," 5) "any other allegations from which it could reasonably be inferred that [the defendant] was provided information about the plaintiff from [the telemarketing calls]," or 6) the defendant "was a de facto participant in the telephone calls." 2014 U.S. Dist. LEXIS 183095, *7-20 (M.D. Tenn. Nov. 19, 2014). All of these same deficiencies are present here. *See generally* Compl., ECF No. 33. As a result, Plaintiff fails to establish any agency relationship—much less actual agency—between Defendants and the unnamed, third-party telemarketers he alleges placed the calls at issue.

*Callier* and *Cunningham* are not outliers. Other courts have dismissed claims for a plaintiff's failure to establish agency under the same or similar circumstances present here. *Cunningham*, 2019 U.S. Dist. LEXIS 154112, *11 ("Although Plaintiff alleges a business relationship between Defendant Lifestyles and RCI . . . Plaintiff does not allege facts supporting an inference that RCI instructed other Defendants and/or unnamed agents or callers to call Plaintiff or show that these entities were in fact acting at the directive or on behalf of RCI."); *Melito v. Am. Eagle Outfitters, Inc.*, 2015 U.S. Dist. LEXIS 160349, *26 (S.D.N.Y. 2015) ("Significantly absent from Plaintiffs' allegations . . . is any factual content regarding the relationship between Experian and Archer. . . . [T]o plead vicarious liability under the TCPA in accordance with traditional tort principles, Plaintiffs must allege some facts regarding the relationship between an alleged principal and agent . . . and cannot simply allege general control in a vacuum. Mere conclusory allegations

9

that Archer was Experian's agent or that Experian had the right to control the sending of the texts, without more, fails to plead an agency relationship . . ."); *Naiman*, 2017 U.S. Dist. LEXIS 199131 at 31-32 (finding that allegation that the defendant had day-to-day control over the entity that allegedly made the calls was insufficient to establish agency because the complaint did not allege facts showing how the defendant exercised that control); *Trois v. Apple Tree Auction Ctr., Inc.*, 882 F.3d 485, 490 (5th Cir. 2018) (affirming in part dismissal for lack of jurisdiction, despite existence of commission agreement, because "there is no evidence the defendants controlled [alleged agent's] solicitations, let alone directed [alleged agent] to solicit in Texas"); *McFadin v. Gerber*, 587 F.3d 753, 761 (5th Cir. 2009) (affirming in part dismissal for lack of jurisdiction, despite existence of commission agreement, because defendant "did not direct [alleged agent] to sell bags in Texas."); *Horton v. SunPath, Ltd.*, No. 3:20-CV-1884, 2021 WL 982344, *4 (N.D. Tex. Feb. 16, 2021) (dismissing TCPA claims for lack of jurisdiction where plaintiff "has not alleged that Defendant directed [alleged agent] to take any action with respect to Texas, or that it assigned any tasks to [alleged agent] concerning Texas, and that it controlled or had the means to control such a task."), *report and recommendation adopted*, 2021 WL 977065 (N.D. Tex. Mar. 15, 2021).

In sum, Plaintiff fails to plausibly allege an actual agency relationship between Defendants and the unnamed, third-party telemarketers he alleges placed the calls at issue.

    **2.    Plaintiff Does Not Plausibly Establish Apparent Agency Between Defendants and the Unnamed, Third-Party Telemarketers.**

Apparent authority exists where a principal is accountable for the results of third-party beliefs about an actor's authority to act as an agent when the belief is traceable to a manifestation of the principal. *Callier*, 2020 U.S. Dist. LEXIS 256792 at 7. "Apparent authority exists when (1) the principal manifests that another is the principal's agent, and (2) it is reasonable for a third

person dealing with the agent to believe the agent is authorized to act for the principal." *Cunningham v. Health Plan Intermediaries Holdings, LLC*, 2021 U.S. Dist. LEXIS 91978, *8-9 (M.D. Tenn. May 14, 2021). "Apparent authority is based upon some act by the principal that creates the appearance that it has granted authority to a purported agent." *Cunningham*, 2014 U.S. Dist. LEXIS 183095 at 19.

Plaintiff does not allege Defendants made any statements nor does he specifically identify any conduct by Defendants (as the apparent principal) that created the appearance of any agency relationship between themselves and the purported unnamed, third-party telemarketers. *See generally* Compl., ECF No. 33. Plaintiff also fails to allege, with any factual support, that Defendants took any actions as a principal that would have caused Plaintiff to believe that the unnamed, third-party telemarketers had apparent authority to act on their behalves. *Id*. Plaintiff's Complaint is devoid of any specific facts or allegations on this issue. *Id*.

And without such fact or allegations, Plaintiff fails to establish apparent agency and his TCPA claims fail accordingly. *Cunningham*, 2021 U.S. Dist. LEXIS 91978 at 8-9 (holding the plaintiff did not establish apparent agency because he did not allege "any statements by the defendant, as apparent principal, that would manifest . . . [any] other relevant person was its agent for the purpose of the calls"); *Cunningham*, 2014 U.S. Dist. LEXIS 183095 at 19 (finding no apparent agency where the plaintiff failed to allege with factual support that the defendant took any actions as a principal that would have caused the plaintiff to believe the third-parties at issue had apparent authority to act on its behalf); *Callier*, 2020 U.S. Dist. LEXIS 256792 at 9 ("Plaintiff also cannot establish a telemarketer acted with apparent authority" because "[w]hile it may be reasonable to believe a telemarketer soliciting business on behalf of an entity is acting as an agent, the belief must be traceable to the conduct of the principal—in this case, SunPath or Northcoast

11

[and] Plaintiff has not pleaded facts establishing either SunPath or Northcoast acted to create the appearance of an agency relationship.")

### 3. Plaintiff Does Not Plausibly Establish Vicarious Liability Based on a Theory of Ratification.

Liability under the TCPA based on a theory of ratification arises when a seller "ratifies the unlawful acts by knowingly accepting their benefits—for example, through conduct justifiable only on the assumption that the person consents to be bound by the act's legal consequences." *Cunningham*, 2021 U.S. Dist. LEXIS 91978 at 9-10. "A seller's liability for the activities of a third-party robo-caller must nevertheless be tied into some identifiable agency principle—there is no strict liability merely because the unlawful calls were made on behalf of the seller." *Id*. A "principal may be liable on the theory of ratification if it retains the benefits of a transaction after acquiring ***full knowledge*** of the underlying circumstances." *Callier*, 2020 U.S. Dist. LEXIS 256792 at 7-9 (emphasis added); *see also Banks*, 2019 U.S.Dist. LEXIS 30638, *12-13 (ratification requires "full knowledge" of the principal of the material facts surrounding the calls at issue).

Plaintiff's theory of vicarious liability based on ratification fails because he does not allege with specific factual support that Defendants were aware of the unnamed, third-party telemarketers alleged calls in violation of the TCPA—much less that it approved (i.e. ratified) such conduct upon learning of same. *See generally* Compl., ECF No. 33. Such knowledge is necessary to meet the standard for ratification, which requires full knowledge of the underlying circumstances. *Callier*, 2020 U.S. Dist. LEXIS 256792 at 7-9 (rejecting vicarious liability based on a ratification because "nothing in the pleadings indicates [the defendants] were aware of the actions allegedly in violation of the TCPA [and that] [s]uch knowledge is necessary to meet the standard for ratification, which requires full knowledge of the underlying circumstance").

12

### 4. Plaintiff's Theory of Vicarious Liability Otherwise Fails.

As explained above, Plaintiff lumps all of ***fourteen*** defendants together without identifying which defendants took which actions and without identifying which defendants made which calls. *See generally* Compl., ECF No. 33. The same is true with respect to Plaintiff's purported allegations on which he relies to attempt to establish agency. *Id*. For instance, in an attempt to establish agency, Plaintiff conclusory alleges—without factual support—that "Defendants entered into contracts or agreements with third-party telemarketers to solicit products and services," "John Doe telemarketers solicited Plaintiff on behalf of Defendants and had actual authority from Defendants to solicit Plaintiff by using prerecorded voice messages," "Defendants knowingly and actively accepted business that originated through illegal robocalls placed by John Doe telemarketers," and "Defendants had equal right to control the conduct" of the unnamed, third-party telemarketers "by specifying the type of people to be called and the questions to be asked to prospective consumers." ECF No. 33 at ¶117, ¶123, ¶130, ¶138.

Unlike the December 15, 2020 call regarding defendant National United (discussed above),[1] at no time does Plaintiff make any attempt to assign specific conduct to Defendants to attempt to establish an agency relationship between a specific third-party telemarketer that made a specific call. *See generally* Compl. In short, Plaintiff fails to specifically link Defendants to any of the unnamed, third-party telemarketers or to any call. *Id*. He, instead, attempt to rely on the above mentioned highly generalized, conclusory allegations directed collectively towards all fourteen defendants. *Id*. These allegations are not sufficient to establish agency between

---

[1] The Court denied defendant National United's motion to dismiss in part based on Plaintiff's specific allegations related to that defendant that specifically linked that defendant to the December 15, 2020. But—Plaintiff does not make such specific allegations with respect to Defendants, nor does Plaintiff specifically link Defendants to any particular call or unnamed, third-party telemarketer (as discussed above). This distinguishes Defendants from defendant National United.

Defendants and the unnamed, third-party telemarketers. *Cunningham*, 2019 U.S. Dist. LEXIS 154112 at 9-15 (dismissing the plaintiff's claim for vicarious liability under the TCPA because he failed to connect the with any purported callers and instead lumped all defendants together, and generally asserted that the calls were made on behalf of the named defendants without any further indication of how each defendant asserted control over any specific co-defendant, agent, or caller).

Moreover, and to the extent the Court does not disregard Plaintiff's generalized, global allegation that all fourteen "Defendants entered into contracts or agreements with third-party telemarketers to solicit products and services," such allegations are still insufficient to establish agency. A contractual relationship, by itself, and without factual allegations that an entity directed a telemarketer to make calls and controlled the manner and means by which such entity made such calls, does not create or infer an agency relationship. *Warciak v. Subway Rests., Inc.*, 949 F.3d 354, 357 (7th Cir. 2020) (the court emphasized that a commercial contractual relationship between two sophisticated businesses, standing alone, is insufficient to create an agency relationship when it explained as follows: "[w]hile an agency relationship can be created by contract, not all contractual relationships form an agency relationship"); *Winters v. Quicken Loans*, 2021 U.S. Dist. LEXIS 209695, *13 (D. Ariz. October 29, 2021) (holding that the plaintiff inadequately pleaded an agency relationship despite the existence of a contract); *Rogers v. Postmates Inc.*, 2020 U.S. Dist. LEXIS 121831, *10 (N.D. Cal. 2020) ("Absent from the SAC are allegations that Postmates exercised any control over the 'manner and means' in which Bird Dog executed the campaign on its behalf . . . The most substantive allegation concerning the contours of the relationship between Postmates and Bird Dog is the allegation that Postmates contracted with Bird Dog, but [a]n allegation of a beneficial contractual relationship alone is insufficient to establish agency."); *Jackson v. Caribbean Cruise Line, Inc.*, 88 F. Supp. 3d 129, 138 (E.D.N.Y. 2015) ("[T]he existence

14

of a contract between CCL and Adsource—even one that imposes certain constraints on Adsource—does not necessarily mean that CCL had the power to give 'interim instructions' to Adsource, the hallmark of an agency relationship.").

In sum, Plaintiff's TCPA claims against Defendants (Counts I and II) fail because he does not allege Defendants physically made any of the calls at issue and because he does not establish an agency relationship between Defendants and the unnamed, third-party telemarketers such that he cannot proceed on theory of vicarious liability. The Court should dismiss Plaintiff's TCPA claims accordingly.

> **C.** **Plaintiff Does Not Allege He Requested a "Written Policy" from Defendants Nor Does He Allege He Asked Defendants to Add Him to any Internal Do-Not-Call List that They May Maintain, so Count II Fails for These Additional Reasons.**

In Count II, Plaintiff attempts to bring a claim for Defendant's alleged violations of certain regulations which he alleges gives rise to claims under the TCPA. In particular, Plaintiff alleges Defendants failed to have a "written policy, available upon demand, for maintaining a do-not-call list, in violation of 47 C.F.R. § 64.1200(d)(1)" and failed to train "individuals involved in the telemarketing on the existence of and of 47 C.F.R. § 64.1200(d)(2)." ECF No. 33 at ¶158. Even if violations of such regulations could form the basis of a TCPA claim, Count II still fails for the above reasons. It also fails because Plaintiff does not allege he registered the telephone number at issue on the National Do Not Call Registry nor does he allege he specifically requested that Defendants add such number to any internal do-not-call list they may have. *See generally* ECF No. 33. In fact, Plaintiff does not specifically allege or reference a single communication with Defendants (i.e., one in which he alleges he specifically communicated with Defendants). *Id*. He also does not allege that he specially requested any "written policy" from Defendants and that they

15

failed to provide same. *Id*. He only makes highly generalized allegations that he globally directs towards all fourteen defendants. *Id*.

Moreover, Plaintiff asserted the same claim against defendant National United that he attempts to now assert against Defendants in Count II. The Court, on November 17, 2021, dismissed such claim against defendant National United stating as follows:

> Mr. Callier does not allege that he requested National United's internal policies, nor does he assert that he requested to be placed on their do-not-call list. *See* Amend. Compl. 8-22, ECF No. 33. He does not assert that he asked National United, or the telemarketers, to stop calling him, nor does he provide any facts relating to the nature of the violation. ECF No. 65 at 19.

For the same reasons the Court explained above, and the for same reasons the Court dismissed Count II as directed towards defendant National United, it should dismiss Count II as directed towards Defendants.

## II. Plaintiff's Texas State Law Claims (Counts III and IV) Fail as a Matter of Law.

In Count III of the Complaint, Plaintiff alleges Defendants violated Texas Business and Commerce Code 305.053 because they made "non-emergency telemarketing robocalls" to his "cellular telephone" in violation of the TCPA. *See generally* Compl., ECF No. 33, Count III. In short, Count III entirely hinges on Plaintiff's ability to establish Defendant violated the TCPA and/or whether he plausibly states a cognizable claim for relief under the TCPA. Because Plaintiff's purported TCPA claims against Defendants fail (as explained above), Count III also fails and the Court should dismiss it accordingly.

In Count IV of the Complaint, Plaintiff alleges Defendant "violated § 302.101 of the Texas Business & Commerce Code when its representatives engaged in continuous and repetitive telephone solicitation of Plaintiff without obtaining a registration certificate from the Office of the Secretary of State." ECF No. 33 at ¶167. As explained above, Plaintiff does not allege Defendants

physically initiated any of the calls at issue. Defendants thus did not directly solicit Plaintiff via telephone in Texas, and as such, and to the extent Plaintiff bases Count IV on a theory of direct lability, it fails as a matter of law.

Count IV thus hinges on whether Plaintiff plausibly establishes an agency relationship between Defendants and the unnamed, third-party telemarketers that purportedly called him in Texas. As explained above, he does not. The Court should dismiss Count IV accordingly.

## CONCLUSION

For the foregoing reasons, the Court should dismiss Plaintiff's first amended complaint in its entirety with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

Respectfully Submitted:

/s/ Kyle A. Ferachi
Kyle A. Ferachi
Texas Bar Number 24072624
Sandra M. Benyamin
Texas Bar Number 24116099
**HINSHAW & CULBERTSON LLP**
1980 Post Oak Blvd., Ste. 100
Houston, Texas  77056
Telephone:  (346) 344-4503
Facsimile:   (312) 704-3001

Attorneys for Liza Polanco, LPV Services, Inc., Maria Allen Cardona, and Allen Insurance Services, Inc.

1044852\309608619.v1

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of this document was filed electronically using the Court's CM/ECF system. Notice of this filing will be sent to all known counsel of record and interested parties by operation of the court's CM/ECF system and notice of this filing, along with this document, will also be sent to Plaintiff certified mail

*/s/ Kyle A. Ferachi*
Kyle A. Ferachi
